UNITED STATES DISTRICT COURT
FOR THE DELAWARE DISTRICT

| | |
|---|---|
| phillip allen dye and rebecca jane dye, a Private Natural man and woman )<br><br>Appellants )<br>V. )<br>Michael B. Joseph Bankruptcy Court Trustee )<br><br>Appellee | Docket No:<br><br>Case No: Del: 05-684 KAJ<br><br>Judge<br>Reference Chapter 13 Bankruptcy<br>Case 05-11619-JKF |

**Appeal Brief**

**Venue**

1. For the Record the Appellants phillip allen and rebecca jane of the Dye Family being Private Natural Living man and woman of the Natural Genealogy and Lineal Descendant of the Aboriginal Native American National Peoples by Birthright of the North American united States Republic and by Birthright Inheritance Lineal Descendant and being Heirs in the Pembina Nation Little Shell Sovereign Nation of North America and the Moorish North America Sovereign Nation possessing North American Nationality by Affidavit affirm and attest and say and speak and publish herein that the information and evidence herein is true and not misleading under penalty of purjury; And

2. As such is establishing the Venue Jurisdiction by the Terms and Conditions of this Appeal Brief as published in the Exhibit A titled "Notice of Accepting Constitutions And Oath of Office" and the Fiduciary Duty of Public Servants cited herein is made part and partial of this Appeal Brief as published in Exhibit A; And

3. An identical "Notice of Accepting Constitutions And Oath of Office" and the Fiduciary Duty of Public Servants for Judge Kent A Jordan is on file and part of the record in this case; And

4. The Venue of the Appellants and the Venue of the Appellants causes for this Equitable Appeal Brief is with respect to the subject of the Private Property at issue in this matter the Chapter 13 Bankruptcy

Case 05-11619-JKF; The Private Property located within the boundary of the North America Sovereign Delaware Republic. See Article 4 §-4 United States of America Constitution; And

5. As such the venue for this Equitable action for the court reviewing this appeal case no: 05-684 is within the United States Constitution Article III Court under the Rules of Equity and Natural Law and Organic Constitutional Rule of Law; And

## JURISDICTION

6. The Positive Law at Title 28 United States Code §-158(a)(d) provides that this Court has jurisdiction to Review an Appeal from a Decision of a Bankruptcy Court Judge.

## PURPOSE OF THIS APPEAL

7. The objective of this Equitable action appeal in this Court of Equity is to secure the Equitable Justice decision by over turning the Order Dismissing the Chapter 13 Bankruptcy Case 05-11619-JKF and Granting the Claims evidenced in the Proof of Claims filed by phillip allen and rebecca jane of the Dye Family the Appellants in this appeal and the appellants securing permanent injunctive relief from alleged creditors in the bankruptcy; And

8. The evidence of fact in the record of the bankruptcy Case 05-11619-JKF is evidencing the facts clearly affirming that the actions of the administrative judge and the actions of the court trustee and the acts of the attorneys of record in the bankruptcy case each conducted themselves as public servants exhibiting irregularities in performing their fiduciary duties to up hold in honor and truth their oath of office which constitutes a breach of oath of office; And their fiduciary duty to comply with and uphold the rules and procedures of the court which constitutes a breach of the performance of their fiduciary duty as public servants; And their fiduciary duty to comply with and obey the rule of law as contained in the United States of America Constitutions which constitutes a breach of performance of the oath of office; And said breaches created and resulted in injuring phillip allen and rebecca jane: Dye; And

## CAUSES FOR THIS APPEAL

9. The Bankruptcy Court Administrative Judge Judith K. Fitzgerald Ordered the Hearing To Show Cause Why bankruptcy Case 05-11619-JKF should not Be Immediately Dismissed. The hearing was heard on August 30, 2005. The Transcript of that hearing is validating and affirming the claims made by the appellants herein; Whereas phillip allen of the Dye Family was not granted access to due process to submit on the record the evidence by responding to the Show Cause Order. The Administrative Judge instead of officiating as a non-biased judiciary official securing the due process right and equal access thereto within the meaning of Article VI and Amendment Five of the Constitution for the United States of America, did perform her fiduciary duty in such a manner exhibiting irregularity of performance as published below;

   A. Assumed the practicing of law from the Judicial Bench; And

   B. Argued as an attorney on behalf of and for the non-substantiated claims of the creditors; And

   C. Argued as an attorney on behalf of and for the alleged creditors on non-existing evidence; And

   D. Exhibited a volition toward supporting the creditor claims in the absent of evidence; And

   E. Constantly interrupted the Appellant phillip allen dye each time he tried to give evidence; And

   F. Constantly raised issues having no relevancy to the issue of validating proof of claim; And

   G. Constantly exhibited a Judicial Bias To favor the Creditors even in the absence of evidence to support the creditor claims; And

   H. Profoundly with a volition Denied the Appellant phillip allen of the Dye Family full access to the constitutionally secured right to Due Process; And

10. As such, actions of irregularity in performance of judicial fiduciary duties constitutes a breach of the Constitution at Article VI which constitutes a breach of the Oath of Office within the meaning of Article VI to the Constitution for the United States of America; And constitutes a taking of and

denying and diminishing of the natural substantive rights secured by the Fourth and Fifth Amendments to the Constitution for the United States of America; And

11. The Administrative Judge Judith K. Fitzgerald breached her oath of office by refusing to regard and uphold the Constitution as supreme by denying phillip allen of the Dye Family full and unmolested access to the due right process to give the evidence in fact and in the truth as published and filed in the record to be given at and for the hearing to show cause of the merit of his claims as listed below; And

   A. Proof of Claim filed establishing that phillip allen and rebecca jane of the Dye Family did effect a Choate Superior Secured Security Interest in the property in question, affirming their superior first lien claim interest in the private property at issue; And

   B. Notice Showing Cause and merit of each claim and the Respective Demand to Dismiss Creditor Claims With Prejudice; And

   C. A Proof of Claim filed against Creditor the IndyMac Bank, FSB; And

   D. A Proof of Claim filed against Creditor the Internal Revenue Service; And

   E. A Proof of Claim filed against Creditor the Delaware Division of Revenue; And

   F. Motion to Grant Proof of Claims filed by the Secured Creditor phillip allen of the Dye Family as evidence in fact and in truth and in equity; And

   G. Motion to Dismiss Creditor Claims With Prejudice; And

   H. Motion to Enforce Penalty Against the Creditor For filing False Claims; And

   I. The Mandatory Judicial Notice Rules of Evidence Rule 201: Authorities Supporting Notice Showing Cause and the Demand to Dismiss Creditor Claims with Prejudice; And

12. The Administrative Judge Judith K. Fitzgerald dismissed all of the above evidence without giving the appellant any access to the due right process which constitutes a deprivation of, and abrogation of, a diminishing of secured private property rights and all other substantive private rights antecedent thereto within the meaning of the Fourth the Fifth and the Fourteenth Amendments To The Constitution For the United States of America; And constitutes a Breach of the Oath of Office within

the meaning of Article VI To the United States Constitution For America; And constitutes a Breach of the Fiduciary Duty of Performance under contract obligation within the meaning Article VI To The United States Constitution For America; And

13. These actions of the Administrative Judge Judith K. Fitzgerald created injuries and damaged phillip allen and rebecca jane of the Dye Family by attacking and invading their private right to their Freedom and Liberty to access and use to secure a favorable equitable remedy via the Due Process to argue, attest, defend, examine, cross-examine, challenge the alleged creditors or otherwise in protecting their private natural person and their private land property and their private financial and monetary private property from being taken by invasive unlawful means and preventing injuries and damages resulting from such invasive unlawful actions; And

14. And as such, Court Trustee Michael B. Joseph and Attorneys Thomas D. H. Barnett and Neil F. Dignon and Stuart B. Drowos and Ellen W. Slights and Charles Keene all being bound their Oath of Office and their fiduciary duties as Public Servants to, in Honor Respect and uphold the Due Right Process entitling the Appellants full access thereto and the secure protection thereof; Each public servant did Breach that Oath by conspiring against Appellants secured and protected natural rights with the Administrative Judge Judith K. Fitzgerald denying the Appellants such Access; And; As such constitutes a taking of natural personal rights and natural substantive rights and private property rights within the meaning of the Fifth Amendment to the Constitution for the United States of American for which just compensation is due and owing, and the remedy within the just compensation clause is money compensation; And

### Bankruptcy Case Record Is Absent of Subject Matter and Statement of A Claim

15. The Record in the Bankruptcy Case 05-11619-JKF is absent of any evidence in fact validating the claims filed by the Attorneys Thomas D H Barnett and Neil F. Dignon for IndyMac Bank, FSB, or the claims filed by Attorneys Charles Keene and Ellen W. Slights for the Internal Revenue Service nor the claims filed by Deputy Attorney General Stuart B. Drowos for the Delaware Division of Revenue; Nor

did any of the Creditors nor their Attorneys file or Perfect their alleged claims with the Secretary of State pursuant to the Uniform Commercial Code Article 9 procedure to secure an lien interest to enable them to be able to State a Claim Upon Which Relief Can Be Granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure; And as such constitutes making and filing and presenting of false claims in the Bankruptcy Court within the meaning of this Positive Law found at Title 18 United States Code §-152 and §-3571 demanding enforcement of penalty as cited on Bankruptcy Proof of Claim Document for presenting a fraudulent claims; And

16. The preponderance of evidence in the proof of Claims and the Notice Showing Cause Why the Bankruptcy should not be dismissed and motions on the record affirms the Superior Lien Claim of Creditors and Holder in Due Course of Title Private Property Rights of phillip allen and rebecca jane of the Dye Family confirmed by the Uniform Commercial Code and upheld by the United States Supreme Court and other Federal Court Decisions as documented in the record for the bankruptcy case; And

17. The Creditors and their respective Attorneys in the Bankruptcy filed false claims in the court attempting to conceal their fraudulent actions by recording notices of liens in the public record by said notices of liens with the New Castle County Recorder to perfect their fraud on the court. These appearances of liens were then presented in the bankruptcy court trying to appear as valid proof of claims. The Office of the Secretary of State for Delaware confirms that none of the creditors in the bankruptcy filed the appropriate and proper lien to state a claim. The Creditor and Holder in Due Course has the only filed and recorded choate superior secure interest in the private property at issue in the bankruptcy as affirmed in Exhibit B; And

18. On September 12, 2005 the Appellants did file a Præipe with the Clerk of the Bankruptcy Court requesting a copy of the evidence on file in the evidence file validating any Creditor Proof of Claim. As to the date of this Brief the Appellants have no response from the Clerk of the Bankruptcy Court validating or affirming any proof of claims on record; And

19. THEREFORE, with the preponderance of the forensic evidence published herein and within the meaning of Article VI and the Fourth Amendment and the Fifth Amendment to the Constitution for United States of America the Appellants Respectively and Reasonably Demand that this Most Honorable Court Over Turn and Annul and Declare Void the Orders issued from the Bankruptcy Court Administrative Judge Judith K. Fitzgerald; And issue the Order Granting the Claims of the Appellants as published on file in the record and as affirmed herein this Equitable Appeal Brief; And

### The Law and Rules of Equity Demand Restitution and Compensation

20. The loss of natural personal rights and private property in the form of land and the loss of private property in the form of money results in injuries and damage to phillip allen and rebecca jane of the Dye Family and the loss of full enjoyment and use of said private property, and the loss of the right of being secure in their house and finances and the use of and enjoyment thereof of said private property without being intimidated and threatened and coercive threats of foreclosures on private property and fraudulent liens and levies to extort private monies or other financial access constitutes a taking within the meaning of the Fifth Amendment to the Constitution for the United States of America, for which just compensation is due and owing, and the remedy within the just compensation clause is money compensation; And

21. IndyMac and the Internal Revenue Service and the Delaware Division of Revenue through their respective attorneys on the record imposed fraud on the bankruptcy and conspiring against appellants right access Due process to effect the unlawful actions and injuries and damages against phillip allen and rebecca jane of the Dye Family;

   A. IndyMac Bank, FSB

      1. Receiving payments of $898.00 a month for a non-existing loan;

      2. Receiving payments for judgments secured fraudulently through the courts;

      3. Initiating fraudulent foreclosure actions extorting money;

   B. The Internal Revenue Service;

      1. Receiving payments discharging fraudulent generated liens and levies and other unauthorized tax collection activities;

  C. Division of Revenue for the State of Delaware

      1. Receiving payments discharging fraudulent generated liens and levies and other unauthorized tax collection activities;

22. Pursuant to Federal Rules of Civil Procedure Rule 60(b) this Honorable Court is authorized to issue a separate action granting Permanent Injunctive Relief from future Invasions from the Creditors against the Appellants and their secured private property and natural substantive rights within the meaning of the Fourth Amendment to the Constitution for the United States of America; And

23. This Court is authorized to issue the order for just compensation for the taking of private property within the meaning of the Fifth Amendment to the Constitution for the United States. The provisions of the just compensation clause of the Fifth Amendment are self-executing, and the remedy established is the payment of compensation.

24. The Bankruptcy Proof of Claims establishes the amounts in compensation from each creditor for the injuries they imposed on the Appellants.

25. Therefore Appellants respectfully and reasonably demand that this Court of Equity effect Equitable Justice by over turning the Order Dismissing the Chapter 13 Bankruptcy Case 05-11619-JKF and Granting the Claims evidenced in the Proof of Claims filed by phillip allen and rebecca jane of the Dye Family the Appellants in this appeal and grant appellants permanent injunctive relief from alleged creditors in the bankruptcy; And

26. Grant any other relief the Court may deem appropriate.

Date: February 28, 2006

Autograph: _phillip allen dye_      Autograph: _rebecca jane dye_

## *Affidavit of Service*

phillip allen dye is publishing this fact that he served the above Appeal Brief by First Class Mail to the following men and women on the date February 28, 2006.

Michael B Joseph
824 Market St Suite 905
P O Box 1350
Wilmington, DE 19899-1350

Thomas D. H. Barnett
Draper & Goldberg, PLLC
PO Box 947 512 East Market Street
Georgetown, Delaware 19947-0947

Neil F Dignon
Draper & Goldberg, PLLC
PO Box 947 512 East Market Street
Georgetown, Delaware 19947-0947

Ellen W Slights
Assistant United States Attorney
1007 Orange Street Suite 700
Wilmington, Delaware 19899-2046

Stuart B Drowos Esquire
Deputy Attorney General
Delaware Division of Revenue
820 North French Street 8th Floor
Wilmington, Delaware 19801

Charles H. Keen
charles.h.keen@usdoj.g
Assistant United States Attorney
1007 Orange Street Suite 700
Wilmington, Delaware 19899-2046

*phillip allen dye*
phillip allen dye
In care of: 403 Union Church Road
Townsend, Delaware [19734]

       

Delawares 1778 Treaty  Moor 1787 Treaty  American Unity States  Moor Great Seal  Moorish America  America Republic  Pembina Nation Little Shell 1863 Treaty

# *North America Indigenous People Grand Counsel of Nations*
## *The Delawares <> The Pembina Nation Little Shell*
## *The Moorish American<>United States of North America*



*The Indigenous Peoples of the North Americas Grand Counsel of Nations including the adjoining Islands.*
*In care of: 132 Main Street Post Office Box 508, Odessa City, Delaware North America Republic Postal Zone [19730] Non Domestic*

## Notice of Accepting Constitutions Oath of Office And Fiduciary Duty

**Notice for Public Servants**:

1. Judith K Fitzgerald dba: United States Bankruptcy Judge
2. Michael B Joseph dba: United States Bankruptcy Court Trustee
3. Thomas D H Barnett dba: Attorney for Creditor Indymac Bank
4. Neil F Dignon, Esquire dba: Attorney for Creditor Indymac Bank
5. Ellen W Slights dba: Assistant United States Attorney for the Creditor Internal Revenue Service
6. Stuart B Drowos dba: Deputy Attorney General for the Creditor State of Delaware Division of Revenue
7. Charles Keene dba: United States Attorney for the Creditor Internal Revenue Service
8. Kent A Jordan dba: United States Judge For the United States District Court For The Delaware District

*Exhibit A*
*2 Pages*

## Point of Law

All contracts commence with an offer and only become binding upon acceptance. See: "Contracts" by Farnsworth, third edition, sect. 3.3, pages 112,113.

The Constitutions of the United States and of the State of Delaware and the Oath of office and the Performance of the Fiduciary Duty as Public Servants thereof the above named PUBLIC SERVANTS, amounts to nothing more than an offer of an intention to act or refrain from acting in a specified way between the respective governments their binding Treaty Contracts and the private American people and for other purposes.

Be it known by these presents that I, phillip allen and I rebecca jane dye of the Dye Family Natural Genealogy Lineal Descendant Heirs of the Native American Peoples of America Territories do hereby accept the Constitutions of the United States and of the State of Delaware and the Oath of Office and the Oath of Performance of the Fiduciary Duty of the above named PUBLIC SERVANTS as your open and binding offer of promise to form a firm and binding contract between the respective governments, their political instrumentalities and the above named PUBLIC SERVANTS and phillip allen and rebecca jane of the Dye Family in their Proper Natural Private Native America National capacity.

I expect that, as PUBLIC SERVANTS, you will perform all of your promises duties while staying within the limitations of your constitutions, regarding all Treaties with the United States as Supreme and Superior in Law in your Courts as published by your constitution creating no unfounded presumptions, seeking only the true facts and telling the truth at all times and

respecting and protecting our secured natural rights of natural private liberty and private property and all secured natural substantive rights antecedent thereto.

The aforegoing Notice of Acceptance of Constitutions and of Oath of Office and Oath of Performance of Fiduciary Duty is made Ab initio explicitly without recourse and now constitutes a binding contract and any deviation therefrom will be treated as a breach of contract and a violation of substantive due process.

## VERIFICATION

I, phillip allen dye and I rebecca jane dye declare under penalty of perjury in accordance with the laws of the United States of America that the aforegoing is true, correct and complete to the best of our knowledge and belief.

Date: February 28, 2006

Autograph: *phillip allen dye*    Autograph: *rebecca jane dye*

"Contracts" by Farnsworth, third edition, sect. 3.3, pages 112, 113

**Offer and Acceptance.** The outward appearance of the agreement process, by which the parties satisfy the requirement of bargain imposed by the doctrine of consideration, varies widely according to the circumstances. It may, for example, involve face-to-face negotiations, an exchange of letters or facsimiles, or merely the perfunctory signing of a printed form supplied by the other party. Whatever the outward appearance, it is common to analyze the process in terms of two distinct steps: first, a manifestation of assent that is called an *offer*, made by one party (the *offeror*) to another (the *offeree*); and second, a manifestation of assent in response that is called an *acceptance*, made by the offeree to the offeror. Although courts apply this analysis on a case-by-case basis, depending on the circumstances, it gives a reassuring appearance of consistency.

What is an "offer"? It can be defined as a manifestation to another of assent to enter into a contract if the other manifests assent in return by some action, often a promise but sometimes a performance. By making an offer, the offeror thus confers upon the offeree the power to create a contact. An offer is nearly always a promise and, in a sense, the action (promise or performance) on which the offeror conditions the promise is the "price" of its becoming enforceable. *Offer*, then, is the name given to a promise that is conditional on some action by the promisee *if* the legal effect of the promisee's taking that action is to make the promise enforceable. Empowerment of the offeree to make the offeror's promise enforceable is thus the essence of an offer. When does a promise empower the promisee to take action that will make the promise enforceable? In other words, when does a manifestation of assent amount to an offer? This is one of the main subjects of this chapter.

What is an "acceptance"? It can be defined as the action (promise or performance) by the offeree that creates a contract (i.e., makes the offeror's promise enforceable). *Acceptance,* then, is the name given to the offeree's action if the legal effect of that action is to make the offeror's promise enforceable. When does action by the promisee make the promise enforceable? In other words, when does the promisee's action amount to an acceptance? This is another of the main subjects of this chapter.

Because of the requirement of mutuality of obligation, both parties are free to withdraw from negotiations until the moment when both are bound. This is the moment when the offeree accepts the offer. It therefore follows, as we shall see later in more detail, that the offeror is free to revoke the offer at any time before acceptance.

# Delaware

PAGE 1

## The First State

**Exhibit B**
*2 Pages*

CERTIFICATE

```
     SEARCHED FEBRUARY 27, 2006, AT 10:36 A.M.
     FOR DEBTOR
"PHILLIPALLENDYEORGANIZATIONTRADENAMETRADEMARKWORKOFART"

  1 OF    2   FINANCING STATEMENT             32445487
          EXPIRATION DATE: SEPTEMBER 17, 2008
 DEBTOR: PHILLIP ALLEN DYE ORGANIZATION TRADE NAME/TRADE MARK/WOR
         K OFART
         403 UNION CHURCH ROAD                 ADDED 09-17-03
         TOWNSEND                 DE   19734
 DEBTOR: REBECCA JANE DYE ORGANIZATION TRADE NAME/TRADE MARK/WORK
         OF ART
         403 UNION CHURCH ROAD                 ADDED 09-17-03
         TOWNSEND                 DE   19734
SECURED: DYE, PHILLIP SENIOR
         LOT 12A OLDE UNION FARMS              ADDED 09-17-03
         TOWNSEND                 DE   19734
            F I L I N G   H I S T O R Y
32445487  FILED 09-17-03   AT 12:34 P.M.   FINANCING STATEMENT

  2 OF    2   FINANCING STATEMENT             32678806
          EXPIRATION DATE: OCTOBER 14, 2008
 DEBTOR: PHILLIP ALLEN DYE ORGANIZATION TRADE NAME/TRADE MARK/WOR
         K OFART
         403 UNION CHURCH ROAD                 ADDED 10-14-03
         TOWNSEND                 DE   19734
 DEBTOR: REBECCA JANE DYE ORGANIZATION TRADE NAME/TRADE MARK/WORK
         OF ART
         403 UNION CHURCH ROAD                 ADDED 10-14-03
         TOWNSEND                 DE   19734
SECURED: DYE, PHILLIP SENIOR
         LOT 12A OLDE UNION FARMS              ADDED 10-14-03
         TOWNSEND                 DE   19734
            F I L I N G   H I S T O R Y
32678806  FILED 10-14-03   AT  3:54 P.M.   FINANCING STATEMENT
51386508  FILED 04-22-05   AT  5:26 P.M.   AMENDMENT
         E N D   O F   F I L I N G   H I S T O R Y
```

20060671594UCXN                AUTHENTICATION: 4550256

060183934                      DATE: 02-27-06

*Harriet Smith Windsor*
Harriet Smith Windsor, Secretary of State

# Delaware

## The First State

PAGE 2

THE UNDERSIGNED FILING OFFICER HEREBY CERTIFIES THAT THE ABOVE LISTING IS A RECORD OF ALL PRESENTLY EFFECTIVE FINANCING STATEMENTS, FEDERAL TAX LIENS AND UTILITY SECURITY INSTRUMENTS FILED IN THIS OFFICE WHICH NAME THE ABOVE DEBTOR, AS OF FEBRUARY 16, 2006 AT 11:59 P.M.

20060671594UCXN

060183934



AUTHENTICATION: 4550256

DATE: 02-27-06

Harriet Smith Windsor, Secretary of State