IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 13 |
| PHILLIP A. DYE, | ) | |
| | ) | Case No. 05-11619 (JKF) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| PHILLIP A. DYE and REBECCA J. DYE | ) | |
| | ) | |
| | ) | |
| Appellants, | ) | |
| | ) | |
| | ) | Civil Action No. 05-684-KAJ |
| | ) | |
| TRUSTEE MICHAEL B. JOSEPH, | ) | |
| | ) | |
| Appellee. | ) | |

**APPELLEE'S ANSWERING BRIEF**

                          Michael B. Joseph, Esquire (DE No. 392)
                          824 Market Street, Suite 715
                          Wilmington, Delaware 19899-1350
                          (302) 656-0123
                          Chapter 13 Trustee

Dated: March 21, 2006

# TABLE OF CONTENTS

Page

Table of Authorities .................................................... ii

Statement of the Nature and Stage of the Proceedings ............................ 1

Summary of the Argument ................................................ 2

Statement of Facts ...................................................... 3

Argument .............................................................. 5

    I.     Standard of Review ................................... 5

    II.    The only issue properly pending before this Court is the Bankruptcy Court's Order dismissing the Chapter 13 case as to Appellant Phillip ... 5

         A.    The Appellants did not properly appeal any other Orders of the Bankruptcy Court entered in the Chapter 13 case .............. 5

         B.    The Appellants have not offered any basis for overturning the Bankruptcy Court's Order dismissing the Chapter 13 case ...... 6

    III.   The Order of the Bankruptcy Court was proper and should be affirmed. . 7

Conclusion ............................................................ 8

# TABLE OF AUTHORITIES

Page

**Cases**

*In re Cellnet Data Systems, Inc.*, 327 F.3d 242, 244 (3d Cir. 2003) ................ 5

*In re GFS Creations, Inc.*, 240 B.R. 43, 45 (N.D. Cal. 1999) ...................... 5

*First National Fidelity Corp. v. Perry*, 945 F. 2d 61, 63 (3rd Cir. 1991) .............. 7

*In re Richard LeGree*, 285 B.R. 615, 619 (Bankr. E.D. Pa. 2002) *citing In re Herrera*,
194 B.R. 178, 187 (Bankr. N.D. Ill. 1996) ................................. 7

**Other Authorities**

Fed. R. Bankr. Proc. 8013 .............................................. 5

Fed. R. Bankr. Proc. 8002 .............................................. 6

# STATEMENT OF THE NATURE AND STAGE
# OF THE PROCEEDINGS

This is an appeal from a decision of the Bankruptcy Court dismissing the below Chapter 13 bankruptcy case.

Phillip A. Dye and Rebecca J. Dye filed a joint voluntary petition under Chapter 13 of the Bankruptcy Code, pro se, on June 10, 2005 with the United States Bankruptcy Court for the District of Delaware. On or about June 14, 2005, Appellant, Rebecca J. Dye filed a notice of withdrawal of her signature from the bankruptcy petition. The Bankruptcy Court issued Orders setting Rule to Show Cause regarding both Appellants. A hearing was held on August 30, 2005 on the Rule to Show Cause Orders, in addition to several other motions then pending before the Court. As a result of the hearing, the Bankruptcy Court dismissed the Chapter 13 case as to both Appellants and orders reflecting such ruling were entered on September 2, 2005.

It appears that the Appellants are appealing such dismissals.

## SUMMARY OF THE ARGUMENT

I. Standard of Review.

II. The only issue properly pending before this Court is the Bankruptcy Court's Order dismissing the Chapter 13 case as to Appellant Phillip.

    A. The Appellants did not properly appeal any other Orders of the Bankruptcy Court entered in the Chapter 13 case.

    B. The Appellants have not offered any basis for overturning the Bankruptcy Court's Order dismissing the Chapter 13 case.

III. The Order of the Bankruptcy Court was proper and should be affirmed.

## STATEMENT OF FACTS

The following facts are taken from the dockets and pleadings filed in the bankruptcy case nos. 03-12394; 03-13727; and 05-11619 and the docket and pleadings filed in the instant case no. 05-cv-00684-KAJ.

Phillip A. Dye and Rebecca J. Dye (the "Appellants") filed a joint voluntary petition under Chapter 13 of the Bankruptcy Code, pro se, on June 10, 2005 (the "Petition") [Bankr.Ct. DI-1][1] with the United States Bankruptcy Court for the District of Delaware.

The Appellants initiated a previous chapter 13 case [Case No. 03-12394] on August 1, 2003 which was dismissed on October 27, 2003 upon the Appellants' own motion.

Debtor, Phillip A. Dye ("Appellant Phillip") initiated another chapter 13 case [Case No. 13727] on December 8, 2003, which was later dismissed on May 21, 2004 by the Bankruptcy Court for failure to propose a confirmable plan. Appellant Phillip appealed such dismissal to the U.S. District Court for the District of Delaware. Appellant Phillip's appeal was subsequently denied by order of the Court dated, October 6, 2004. Appellant Phillip appealed to the Third Circuit Court of Appeals. Such appeal was dismissed on June 1, 2005.

On or about June 14, 2005, Debtor, Rebecca J. Dye ("Appellant Rebecca") filed a notice of withdrawal of her signature from the Petition. [Bankr. Ct. D.I.- 7]

---

[1] References to docket entries on the Bankruptcy Court Docket will be cited as [Bankr. Ct. D.I.- ] and will refer to Bankruptcy Case No. 05-11619. References to docket entries on the District Court Docket will be cited as [Dist. Ct. D.I.- ] and will refer to District Court Case No. 05-cv-00684-KAJ.

3

The Bankruptcy Court issued several Orders setting Rule to Show Cause regarding both Appellants (the "Rule to Show Cause Orders"). [Bankr. Ct. D.I.- 8,15,34]

A hearing was held on August 30, 2005 on the Rule to Show Cause Orders, in addition to several other motions then pending before the Court, wherein the Court dismissed the Chapter 13 case as to both Appellants.

On September 2, 2005, the Bankruptcy Court entered an Order dismissing the Chapter 13 case as to Appellant Rebecca, as a result of her withdrawal of her signature from the Petition. [Bankr. Ct. D.I.- 66]

On September 2, 2005, the Bankruptcy Court entered an Order dismissing the Chapter 13 case as to Appellant Phillip, as a result of his multiple bankruptcy filings, his proposed plan which provided no payments to creditors and his refusal to file tax returns or to pay taxes owed (the "Dismissal Order"). [Bankr. Ct. D.I.- 74]

In addition to dismissing the chapter 13 case, the Bankruptcy Court, in the above mentioned orders, also barred the Appellants from filing additional bankruptcy proceedings for two years.

On September 1, 2005 Appellant Phillip filed a notice of appeal regarding the Dismissal Order. [Bankr. Ct. D.I.- 65]

On February 28, 2005, the Appellants filed their appeal brief in the instant case (the Appeal Brief"). [Dist. Ct. D.I. 12]

This is the Appellee's answering brief.

## ARGUMENT

I. **STANDARD OF REVIEW.**

Pursuant to Rule 8013 of the Federal Rules of Bankruptcy Procedure, on appeal, findings of fact by the bankruptcy court are set aside if clearly erroneous. "A factual finding is clearly erroneous when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *In re Cellnet Data Systems, Inc.*, 327 F.3d 242, 244 (3d Cir. 2003). The appellate court reviews legal conclusions *de novo* and mixed questions of law and fact under a mixed standard, "affording a clearly erroneous standard to integral facts, but exercising plenary review of the lower court's interpretation and application of those facts to legal precepts." Id. Specifically, a court "may abuse its discretion if it does not apply the correct law or if it rests its decision on a clearly erroneous finding of material fact." *In re GFS Creations, Inc.*, 240 B.R. 43, 45 (N.D. Cal. 1999).

II. **THE ONLY ISSUE PROPERLY PENDING BEFORE THIS COURT IS THE BANKRUPTCY COURT'S ORDER DISMISSING THE CHAPTER 13 CASE AS TO APPELLANT PHILLIP.**

  A. THE APPELLANTS DID NOT PROPERLY APPEAL ANY OTHER ORDERS OF THE BANKRUPTCY COURT ENTERED IN THE CHAPTER 13 CASE.

Appellant Phillip filed his notice of appeal on September 1, 2005 (the "Notice of Appeal"). The Notice of Appeal states as follows "I Phillip Allen Dye am appealing to the United States Court of Appeals the Order Dismissing Bankruptcy Case 05-11619 JKF issued on August 30th 2005 by Judge Judith K. Fitzgerald at the hearing to show cause...The Appeal incorporates the automatic stay". The Notice of Appeal is signed

5

solely by Appellant Phillip.

Appellant Phillip has appealed only the Dismissal Order. However, in the Appeal Brief, signed and filed in the instant case by both Appellant Phillip and Appellant Rebecca, the Appellants attempt to raise issues relating to additional orders entered by the Bankruptcy Court which are not properly before this Court. The Appellants did not file a notice to appeal within ten days regarding any other Orders entered by the Bankruptcy Court, as required by Rule 8002 of the Federal Rules of Bankruptcy Procedure.

Additionally, Appellant Rebecca is listed as a signer on the Appeal Brief, but was not a signer on the Notice of Appeal. Appellant Rebecca voluntarily withdrew her signature from the Petition, which gave rise to the case being dismissed as to her.

Accordingly, the appeal should be dismissed regarding any issues raised by the Appellants in the Appeal Brief but not related to the Dismissal Order.

      B.      THE APPELLANTS HAVE NOT OFFERED ANY BASIS FOR OVERTURNING THE BANKRUPTCY COURT'S ORDER DISMISSING THE CHAPTER 13 CASE.

A review of the Appeal Brief reveals that the Appellants have failed to offer any factual or legal basis upon which this Court could justify overturning the Dismissal Order. It is unclear as to what grounds in support of overturning the Dismissal Order, if any, are actually being asserted by the Appellants. Furthermore, the Appellants have not identified any applicable case law or other authorities which would support the relief they are seeking. Although the Appellants' failure to present a clear and concise argument in favor of overturning the Dismissal Order makes it impossible for the Appellee to craft a response, clearly there is no basis to alter the Dismissal Order.

### III. THE ORDER OF THE BANKRUPTCY COURT WAS PROPER AND SHOULD BE AFFIRMED.

The Dismissal Order entered by the Bankruptcy Court after a hearing held on August 30, 2005 should be upheld.

"The purpose of chapter 13 is to enable an individual, under court supervision and protection, to develop and perform under a plan for the repayment of his debts over an extended period". *First National Fidelity Corp. v. Perry*, 945 F. 2d 61, 63 (3rd Cir. 1991). Appellant Phillip had initiated two previous bankruptcy cases, one of which was filed jointly with Appellant Rebecca. As in the most recent case, neither Appellant Phillip, solely, nor the Appellants, jointly, filed a confirmable plan. As noted by the Bankruptcy Court in the Dismissal Order, the proposed plan in the most recent case did not provide for *any* payments to creditors.

In each bankruptcy case, the Appellants have tried to thwart the efforts of a secured creditor, IndyMac, from foreclosing upon the Appellants' property. Additionally, it is noted in the Dismissal Order and in pleadings filed by the Internal Revenue Service and the Delaware Department of Revenue that the Appellants have refused to pay taxes and to file the required returns. "It is, however a misuse of the bankruptcy process to file one case, then, failing to achieve the intended goals, to file a second case". *In re Richard LeGree*, 285 B.R. 615, 619 (Bankr. E.D. Pa. 2002) *citing In re Herrera*, 194 B.R. 178, 187 (Bankr. N.D. Ill. 1996). In the case at hand, it is evident here that the Appellants are attempting to misuse the bankruptcy process.

The Appellants appear to have argued that their due process rights were violated, however, a review of the bankruptcy court docket and the transcript from the August 30, 2005 hearing indicates that the Appellants were given ample notice of the potential dismissal and the date and time of the hearing, were in fact present at the hearing, and were given the opportunity to present their side to the Court. The Bankruptcy Court's decision to dismiss the bankruptcy case was made after due deliberation and is supported by the record.

## CONCLUSION

For the foregoing reasons, Appellee respectfully requests that this Court affirm the Dismissal Order and dismiss the appeal regarding any other matters asserted by the Appellants which are not properly before this Court.

Dated: March 21, 2006

/s/ Michael B. Joseph
Michael B. Joseph, Esquire (DE No. 392)
824 Market Street, Suite 715
Wilmington, Delaware 19899-1350
(302) 656-0123
Chapter 13 Trustee

## CERTIFICATE OF SERVICE

  I, Michael B. Joseph, Esquire, Chapter 13 Trustee in the within matter, do hereby certify that on this 21st day of March, 2006, I caused a copy of the foregoing Appellee's Answering Brief to be served upon the following parties in the manner indicated:

**By First Class Mail:**

Phillip A. Dye
403 Union Church Road
Townsend, DE 19734

Rebecca J. Dye
403 Union Church Road
Townsend, DE 19734

             /s/ Michael B. Joseph
             Michael B. Joseph, Esquire
             824 Market Street, Suite 715
             Wilmington, DE 19801
             (302) 656-0123
             Chapter 13 Trustee