UNITED STATES DISTRICT COURT
FOR THE DELAWARE DISTRICT

| | | |
|---|---|---|
| phillip allen dye and rebecca jane dye, a Private Natural man and woman | ) ) ) | Case No: Del: 05-684 KAJ |
| Appellants | ) ) | Judge Kent A. Jordan |
| V. Michael B. Joseph Bankruptcy Court Trustee | ) ) ) | Reference Chapter 13 Bankruptcy Case 05-11619-JKF |
| Appellee | ) ) | |

## Motion to Strike

1. For the Record by Affidavit of Facts In Truth Appellants phillip allen and rebecca jane of the Dye Family being Private Natural Living man and woman of the Natural Genealogy and Lineal Descendant of the Aboriginal Native American National Peoples by Birthright of the North American united States Republic and by Birthright Inheritance Lineal Descendant and being Heirs in the Pembina Nation Little Shell Sovereign Nation of North America and the Moorish North America Sovereign Nation possessing North American Nationality by Affidavit affirm, attest, say, speak and publish herein that the first hand information and evidence herein is true and not misleading under penalty of perjury.

## Response To Motion To Affirm

2. Denied – Motion to Affirm.

3. Denied – Point 1. "Appellant's Opening Brief on Appeal asserts no error of law on the part of the Court below" constitutes a false statement and is without merit.

4. Counsel Neil F. Dignon and Stuart B. Drowos failed to note that the debt liabilities claimed by each creditor was challenged and disputed as false claims. Now, the Bankruptcy Procedure demands that each creditor provide a valid proof of claim. Each creditor filed a false non-validated claim in the Court and the false non-validated claim was disputed but the Administrative Judge denied the Appellants access to due process to dispute and expose the false non-validated claims, the false statements and false pretenses presented by the Attorneys in the false claims.

5. The Fifth Amendment demands full access to Due Process. The Bankruptcy Court denied such access to the Appellants as affirmed in the transcript record. The denial to access due process constitutes an error on the part of the lower court and a breach of her oath of office to up hold the Constitution and constitutes a breach of fiduciary duty as a public servant to perform said oath in Honor and Truth.

6. In spite of the fact that the Creditor's Debt non-validated claims were disputed and challenged by Appellants, neither the Administrative Judge Judith K. Fitzgerald nor the Bankruptcy Court Trustee Michael B. Joseph ordered the Creditors to comply with court rules to validate their Proof of Claims. This constitutes an error on the part of the Court and a breach of fiduciary duty on the part of counsel.

7. The Administrative Judge Judith K. Fitzgerald and the Bankruptcy Court Trustee Michael B. Joseph each erred in the performance of their oath of office and fiduciary duty as public servants to up hold their oath of office in honor. The error and mistake each performed is noted.

   a. The transcript record clearly evidences the Administrative Judge Judith K. Fitzgerald stopping Appellant from stating facts and evidence to show the fraudulence of the creditor claims.

   b. The Appellee Michael B. Joseph failed to acknowledge before the court that Due Process at Amendment Four demands that the Appellants have time to argue, defend and give evidence to secure a favorable remedy in Equity. Denying such constitutes a breach of fiduciary duty.

8. Likewise Neil F. Dignon, Charles H. Keen and Stuart B. Drowos Counsel for the Creditors each have a fiduciary duty as Public Servants and officers of the Court to up hold their oath of office and perform their public servant fiduciary duties in truth and honor up holding the Supremacy of the Constitution.

9. They each conspired against the Appellant's right to full due process in denying appellant's access to Due Process within the meaning of the Fifth and Fourteenth Amendments to the Constitution for the United States. Each stood by as the administrative Judge interfered with Appellant's attempt to access Due Process during Bankruptcy Court hearings. Even though defending their clients, each counsel and the court trustee still have the primary obligation to perform their oath of office and their fiduciary

duty as public servants to up hold the constitution and honor in truth the Fifth Amendment in question herein this matter.

10. The Fifth and Fourteenth Amendments to the Constitution demand full access to Due Process. The Bankruptcy Court Administrative Judge Judith K. Fitzgerald, Court Trustee Michael B. Joseph, Counsel Neil F. Dignon Charles H. Keen and Stuart B. Drowos denied such access to the Appellants as affirmed in the transcript record. The denial constitutes an error on the court and constitutes a breach of fiduciary duty on the part of the court officers.

11. Counsel's Motion to Affirm is asking this Honorable Court to abandon the Fifth Amendment by denying Appellants the Due Process Right to argue and defend their claims disputing the false non-validate claims presented in the Bankruptcy Case. Administrative Judge Judith K. Fitzgerald's, Appellee Court Trustee Michael B. Joseph's, Neil F. Dignon's Charles H. Keen's and Stuart B. Drowos' oath of office and fiduciary duty as a public servants demand that each in honor and truth demand that the Bankruptcy Court and this Appeal Court do everything possible to ensure that all parties have full uninterrupted access to due process to argue and defend their claim.

12. The Administrative Judge Judith K. Fitzgerald, Court Trustee Michael B. Joseph, Counsel Neil F. Dignon Charles H. Keen and Stuart B. Drowos each did not perform their fiduciary duty to protect and ensure that right for appellants to access full due process during the Bankruptcy case and each is asking this court to support that same position. This constitutes an error on the part of the lower court.

13. Therefore Appellants respectively and reasonably demand that this Appeal Court in Honor and Equity up hold Title 28 USC §-2072 and §-1562 and declare counsel's Motion To Affirm as null and void having no merit no effect because the Constitution and Judiciary and Judicial Procedure thus demands.

14. Title 28 United States Code – Judiciary and Judicial Procedure, Part V – Procedure;
    a. §-2072 is publishing the fact that any rule, order or decision of any court abridging, enlarging or modifying any substantive right shall be of no further force or effect after such rules orders decision have taken effect.

    b. §-1652 is publishing the rules of decision in civil actions in the courts of the United States are regarded as decisions except where the Constitution or Treaties otherwise require or provide.

15. Article VI, Amendments Fourteen and Five of the Constitution for the United States of America demands that this Court perform his fiduciary duty to up hold the Constitution as Supreme by Dismissing the Motion to Affirm, Overturning the lower courts decision to dismiss and Granting Appellant's Honorable Claims on the record in the Bankruptcy Case and Issuing a Permanent Injunctive Relief to Appellants from Creditors.

16. Title 28 United States Code – Judiciary and Judicial Procedure, Part V – Procedure §-1652 and §-2072 supporting the Constitution likewise, demands that this Court perform his fiduciary duty to up hold the Constitution as Supreme by Overturning the lower courts decision dismissing Bankruptcy Case 05-11619-JKF and Granting Appellant's Honorable Claims on the record in the Bankruptcy Case.

17. Therefore Appellants respectfully and reasonably demand that this Honorable Court of Equity effect Equitable Justice by Overturning the Order Dismissing Chapter 13 Bankruptcy Case 05-11619-JKF and Granting the Claims evidenced in the Proof of Claims filed by phillip allen and rebecca jane of the Dye Family the Appellants in this appeal and Grant Appellants Permanent Injunctive Relief from each Creditors in the bankruptcy; And

18. Whereas IndyMac Bank, FSB nor Internal Revenue Service nor Delaware Division of Revenue has evidence an Equitable Validated-Claim against the Appellants; And

19. Grant any other relief the Court may deem appropriate.

Date: March 30, 2006

Autograph: _phillip allen dye_      Autograph: _rebecca jane dye_

## *Affidavit of Service*

phillip allen dye is publishing this fact that he served the above Motion to Strike by First Class Mail to the following men and women on the date March 30, 2006.

Michael B Joseph
824 Market St Suite 905
P O Box 1350
Wilmington, DE 19899-1350

Thomas D. H. Barnett
Draper & Goldberg, PLLC
PO Box 947 512 East Market Street
Georgetown, Delaware 19947-0947

Neil F Dignon
Draper & Goldberg, PLLC
PO Box 947 512 East Market Street
Georgetown, Delaware 19947-0947

Ellen W Slights
Assistant United States Attorney
1007 Orange Street Suite 700
Wilmington, Delaware 19899-2046

Stuart B Drowos Esquire
Deputy Attorney General
Delaware Division of Revenue
820 North French Street 8th Floor
Wilmington, Delaware 19801

Charles H. Keen
charles.h.keen@usdoj.g
Assistant United States Attorney
1007 Orange Street Suite 700
Wilmington, Delaware 19899-2046

*phillip allen dye*
_____
phillip allen dye
In care of: 403 Union Church Road
Townsend, Delaware [19734]