UNITED STATES DISTRICT COURT
FOR THE DELAWARE DISTRICT

| | |
|---|---|
| phillip allen dye and rebecca jane dye, a Private Natural man and woman ) <br><br> Appellants ) <br><br> V. ) <br> Michael B. Joseph Bankruptcy Court Trustee ) <br><br> Appellee | Docket No: <br><br> Case No: Del: 05-684 *KAJ* <br><br> Judge <br> Reference Chapter 13 Bankruptcy <br> Case 05-11619-JKF |

## Reply Brief

1. For the Record the by Affidavit of Fact in Truth Appellants phillip allen and rebecca jane of the Dye Family being Private Natural Living man and woman of the Natural Genealogy and Lineal Descendant of the Aboriginal Native American National Peoples by Birthright of the North American united States Republic and by Birthright Inheritance Lineal Descendant and being Heirs in the Pembina Nation Little Shell Sovereign Nation of North America and the Moorish North America Sovereign Nation possessing North American Nationality by Affidavit affirm, attest, say, speak and publish herein that the first hand information and evidence herein is true and not misleading under penalty of perjury.

### Reply To Appellee Michael B. Joseph's Answering Brief

2. Affirm – Statement of the Nature and Stage of the proceedings.

3. Denied – Summary of the argument statement is misleading. The Order to Dismiss must be overturned.

4. Denied – Appellee's Statement of Facts is misleading by misrepresenting the facts in the case and omission of specific facts and details in the case.

5. Denied – Appellee's Argument I. Standard of Review. The case law cited and the argument alleged is without merit whereas the lower court denied the appellant full access to the right to due process. That constitutes an error, a breach of the Fifth and Fourteenth Amendments to the Constitution for the United States and constitutes a breach of the fiduciary duty of the administrative judge, the court trustee and each attorney party to the case. They conspired in denying appellant's access to Due

Process within the meaning of the Fifth and Fourteenth Amendments to the Constitution for the United States. Each stood by as the administrative Judge interfered with Appellant's attempt to access Due Process during Bankruptcy Court hearings.

6. Denied Appellee's Argument II A. The argument presented is erroneous and merit less. The argument claims the notice of appeal was not file within 10 days of dismissal order Rule 8002. Appellee states in Statement of Facts "A hearing was held on August 30, 2005… wherein the Court dismissed the Chapter 13 case as to both Appellants." The record affirms the Notice of Appeal was filed September 1, 2006. As noted throughout the Appellee's Answer statements are misleading and falsely presented.

7. Denied – Argument II B. Applicable case law is not necessary to support a claim for relief when the Constitution provides other wise and Judicial Procedure supports the Constitution.

8. Title 28 United States Code – Judiciary and Judicial Procedure, Part V – Procedure;
    a. §-2072 is publishing the fact that any rule, order or decision of any court abridging, enlarging or modifying any substantive right shall be of no further force or effect after such rules orders decision have taken effect.
    b. §-1652 is publishing the rules of decision in civil actions in the courts of the United States are regarded as decisions except where the Constitution or Treaties otherwise require or provide.

9. The Fifth Amendment demands full access to Due Process. The Bankruptcy Court denied such access to the Appellants as affirmed in the transcript record. The denial constitutes an error on the court.

10. Denied – Argument III. Appellee stated, "The purpose of chapter 13 is …to develop and perform under a plan for the repayment of his debts…" However, the Appellee failed to mention that the debt liabilities claimed by each creditor was challenged and disputed as false non-validated claims. Now the Bankruptcy Procedure demands that each creditor provide a valid proof of claim. Each creditor filed a false claim in the Court and the false claim was disputed but the Administrative Judge denied the Appellants access to due process to dispute and expose the false non-validated claims, the false statements and false pretenses presented by the Attorneys in the false claims.

11. In spite of the fact that the Creditor's Debt claims were disputed and challenged by Appellants, neither the Administrative Judge Judith K. Fitzgerald nor the Bankruptcy Court Trustee Michael B. Joseph ordered the Creditors to comply with court rules to validate their Proof of Claims. This constitutes an error on the part of the Court and a breach of fiduciary duty to comply with the rules of procedure.

12. The Administrative Judge Judith K. Fitzgerald and the Bankruptcy Court Trustee Michael B. Joseph each erred in the performance of their oath of office and fiduciary duty as public servants to up hold their oath of office in honor. The error and mistake each performed is noted.

    a. The transcript record clearly evidences the Administrative Judge Judith K. Fitzgerald stopping Appellant from stating facts and evidence to show the fraudulence of the creditor claims.

    b. The Appellee Michael B. Joseph failed to acknowledge before the court that Due Process at Amendment Four demands that the Appellants have time to argue, defend and give evidence to secure a favorable remedy in Equity. That constitutes a breach of fiduciary duty.

13. Appellee's Answering Brief arguments and statements as noted herein and throughout the Appellee's Answer statements are misleading and falsely presented under false pretenses and constitutes as breach of the Public Servant fiduciary duty to perform such duties in Honor and Truth.

14. Appellee's Answering Brief arguments result in asking this Court to abandon the Fifth Amendment by denying Appellants the Due Process Right to argue and defend their claims disputing the false non-validated claims presented in the Bankruptcy Case. Appellee Michael B. Joseph's fiduciary duty as a public servant demands that he in honor and truth demand that the Bankruptcy Court and this Appeal Court do everything possible to ensure that all parties have full-unmolested access to due process to argue and defend their claim. Appellee did not protect that right for appellants during the Bankruptcy case and is asking this court to support that same position of error on the lower court.

15. Therefore Appellants respectively and reasonably demand that this Appeal Court in Honor and Equity up hold Title 28 USC §-2072 and §-1562 and declare Appellee's Michael B. Joseph's Answer as null

and void having no merit or effect because the Constitution and Judiciary and Judicial Procedure cited above thus demands.

16. Title 28 United States Code – Judiciary and Judicial Procedure, Part V – Procedure;

    a. §-2072 is publishing the fact that any rule, order or decision of any court abridging, enlarging or modifying any substantive right shall be of no further force or effect after such rules orders decision have taken effect.

    b. §-1652 Rules of Decision is publishing the rules of decision in civil actions in the courts of the United States are regarded as decisions except where the Constitution or Treaties otherwise require or provide.

17. Article VI, Amendments Four and Five of the Constitution for the United States of America demands that this Court perform his fiduciary duty to up hold the Constitution as Supreme by Overturning the lower courts decision to dismiss and Granting Appellant's Honorable Claims on the record in the Bankruptcy Case.

18. Title 28 United States Code – Judiciary and Judicial Procedure, Part V – Procedure §-1652 and §-2072 supporting the Constitution likewise, demands that this Court perform his fiduciary duty to up hold the Constitution as Supreme by Overturning the lower courts decision to dismiss and Granting Appellant's Honorable Claims on the record in the Bankruptcy Case.

19. The documents filed in the record of Bankruptcy Chapter 13 Case 05-11619 JKF are incorporated herein by reference as though fully set forth herein. Said records include:

    a. Proof of Claim filed establishing that phillip allen and rebecca jane of the Dye Family did effect a Choate Superior Secured Security Interest in the property in question, affirming their superior first lien claim interest in the private property at issue; And

    b. Notice Showing Cause and merit of each claim and the Respective Demand to Dismiss Creditor Claims With Prejudice; And

    c. A Proof of Claim filed against Creditor the IndyMac Bank, FSB; And

   d. A Proof of Claim filed against Creditor the Internal Revenue Service; And

   e. A Proof of Claim filed against Creditor the Delaware Division of Revenue; And

   f. Motion to Grant Proof of Claims filed by the Secured Creditor phillip allen of the Dye Family as evidence in fact and in truth and in equity; And

   g. Motion to Dismiss Creditor Claims With Prejudice; And

   h. Motion to Enforce Penalty Against the Creditor For filing False Claims; And

   i. The Transcript of the hearing on the Order to Show Cause heard September 7, 2005; And

   j. Appeal Brief filed February 28, 2006;

20. The preponderance of evidence in fact contained in the record in each document listed above provide this Court with undisputable facts supporting the claims made by the Appellants in this appeal case and provide sufficient evidence in fact to overturn the lower court decision to dismiss.

21. Therefore Appellants respectfully and reasonably demand that this Court of Equity effect Equitable Justice by over turning the Order Dismissing the Chapter 13 Bankruptcy Case 05-11619-JKF and Granting the Claims evidenced in the Proof of Claims filed by phillip allen and rebecca jane of the Dye Family the Appellants in this appeal and Grant Appellants Permanent Injunctive Relief from the Creditors in the bankruptcy;

22. Whereas IndyMac Bank, FSB nor Internal Revenue Service nor Delaware Division of Revenue has evidence an Equitable Validated-Claim against the Appellants; And

23. Grant any other relief the Court may deem appropriate.

Date: March 30, 2006

Autograph: _phillip allen dye_       Autograph: _rebecca jane dye_

## *Affidavit of Service*

phillip allen dye is publishing this fact that he served the above Reply Brief by First Class Mail to the following men and women on the date March 30, 2006.

Michael B Joseph
824 Market St Suite 905
P O Box 1350
Wilmington, DE 19899-1350

Thomas D. H. Barnett
Draper & Goldberg, PLLC
PO Box 947 512 East Market Street
Georgetown, Delaware 19947-0947

Neil F Dignon
Draper & Goldberg, PLLC
PO Box 947 512 East Market Street
Georgetown, Delaware 19947-0947

Ellen W Slights
Assistant United States Attorney
1007 Orange Street Suite 700
Wilmington, Delaware 19899-2046

Stuart B Drowos Esquire
Deputy Attorney General
Delaware Division of Revenue
820 North French Street 8th Floor
Wilmington, Delaware 19801

Charles H. Keen
charles.h.keen@usdoj.g
Assistant United States Attorney
1007 Orange Street Suite 700
Wilmington, Delaware 19899-2046

*phillip allen dye*
———————————————
phillip allen dye
In care of: 403 Union Church Road
Townsend, Delaware [19734]