# UNITED STATES DISTRICT COURT
# FOR THE DELAWARE DISTRICT

| | |
|---|---|
| phillip allen dye and rebecca jane dye, a Private ) Natural man and woman )<br>)<br>Appellants )<br>)<br>V. )<br>Michael B. Joseph Bankruptcy Court Trustee )<br>)<br>Appellee ) | Docket No:<br><br>Case No: Del: 05-684<br><br>Judge Kent A. Jordan<br><br>Reference Chapter 13 Bankruptcy<br>Case 05-11619-JKF |

To:

    Peter T. Dalleo Clerk of Court
    J Caleb Boggs Federal Building
    844 North King Street
    Wilmington, DE 19801

## Præcipe

1.  Please Enter the Entry of this Judgment By Default in the Docket/Judgment Book and submit to the judge for consideration in Equity.

Date March 31, 2006

*phillip allen dye*
_____

phillip allen dye
c/o 403 Union Church Road
Townsend, DE 19734



# UNITED STATES DISTRICT COURT
# FOR THE DELAWARE DISTRICT

| | |
|---|---|
| phillip allen dye and rebecca jane dye, a Private ) Natural man and woman ) | Case No: Del: 05-684 |
| ) | |
| Appellants ) | Judge Kent A. Jordan |
| ) | |
| V. ) | Reference Chapter 13 Bankruptcy |
| Michael B. Joseph Bankruptcy Court Trustee ) | Case 05-11619-JKF |
| ) | |
| Appellee ) | |

## Execution of Default-Judgment

1. On March 30, 2006 the Civil Docket for Case 1:05-cv-00684-KAJ shows that no answer to the Appellant Appeal Brief was filed by the Internal Revenue Service thus placing the Internal Revenue Service in Default of the Order issued by this court ordering an answer and appendix shall be filed on or before March 21, 2006.

2. The Internal Revenue Service's failure to make any objections has by silent appearance of consent; acceptance, concurrence or assent constitutes acquiescence to the Claims articulated in the Proof of Claim filed in the Chapter 13 Bankruptcy Case 05-11619-JKF. See Paul v. Western Distributing Co., 142 Kan. 816, 52 P.2d 379,387 and Frank v. Wilson & Co. 24 Del. Ch. 237, 9 A.2d 82, 86 and Natural Soda Products Co. v. City of Los Angeles, Cal. App., 132 P.2d 553, 563.

3. The acts of the Internal Revenue Service taking private property by unlawful and unauthorized tax collections activities constitutes a taking of private property within the meaning of the Fifth Amendment to the Constitution for the United States for which compensation is due and owing. The cause of action for executing Judgment by Default is found, therefore upon the Constitution for the United States. The provisions of the just compensation clause of the Fifth Amendment are self-executing, and the remedy established is the payment of just compensation.

4. The acts of the Internal Revenue Service's invasion of private property and seizure thereof by unlawful and unauthorized tax collections activities constitutes a breach of contract of the Fourth Amendment to

the Constitution for the United States and results in a taking of private property within the meaning of the Fifth Amendment to the Constitution for the United States. The Cause of Action for executing Judgment is found, therefore upon the Constitution for the United States and upon Title 26 USC § 7433, Damages for certain unauthorized collection actions.

5. The provisions of the just compensation clause of the Fifth Amendment are self-executing, and the remedy established is the payment of just compensation. The provisions of §-7433 authorize payment for damages and the remedy is an amount equal to $1,000,000.00 per unauthorized taking.

6. The Chapter 13 Bankruptcy Case 05-11619-JKF proof of claim itemizes payments made to the Internal Revenue under fear, intimidation and threat of some form of harm. Total amount paid to the Internal Revenue Service under duress, fear and intimidation is $241,228.15.

### Conclusion

7. The Supreme Law of the Land at Article III §-2 of the Constitution for the United States, Judiciary and Judicial Procedure at Title 28 §-1562 and §-2072, the provision at 26 USC §-7433 and Federal Rules of Civil Procedure Rule 55 each distinctly and in unity demand under the Law of Equity the execution of Judgment by Default against the Internal Revenue Service.

8. Therefore, Appellants pursuant to the above cited Equity Law and by the preponderance of evidence in fact in this case reasonably and respectively demand that this Honorable Court execute the Judgment by Default against the Internal Revenue Service providing permanent relief for the Appellants by:

   a. Overturning the Order Dismissing Chapter 13 Bankruptcy Case 05-11619-JKF;

   b. Granting the Claim evidenced in the Proof of Claim filed against the Internal Revenue Service;

   c. Award Compensation to Appellants as cited herein;

   d. Award Damages to Appellants as cited herein;

   e. Grant Appellants Permanent Injunctive Relief from the Internal Revenue Service including all agents, officers, employees, third parties persons their agencies, agencies and instrumentalities thereof.

## Damages

9. As a results of the actions of the Internal Revenue Service actions, appellants have sustained damages and entitled to compensation in at least the following amounts:

   a. For taking of property itemized on the proof of claim of $241,228.15;

   b. For taking private property by hostile unlawful and unauthorized tax collection activities per combined accounts in proof of claim, $21,000,000.00

   c. For the taking of the use and enjoyment of property from initial taking, $20,000,000.00;

   d. For lost of gain via reasonable investment returns on property taken, $10,000,000.00;

   e. Interest on compensation from dates of the takings as determined by the Court and interest on the damages from the date of judgment.

   f. For the taking of the appellant's private property of each ones awareness, peace and tranquility of mind and conscious as private natural citizens, $50,000,000.00;

10. Wherefore, appellants in Honor reasonably and respectively demand as follows:

    a. That the Court award compensation to appellants for a taking of private property in the amount of at least $51,241,228.00;

    b. That the Court award damages to appellants for a taking of private property resulting from breach of contract in the amount of at least $50,000,000.00;

    c. Grant any other relief the Court may deem appropriate

11. Date: March 31, 2006

Autograph: _philip allen dye_          Autograph: _rebecca jane dyer_

# Affidavit of Service

    phillip allen dye is publishing this fact that he served the above Execution of Default-Judgment by First Class Mail to the following men and women on the date March 31, 2006.

Michael B Joseph
824 Market St Suite 905
P O Box 1350
Wilmington, DE 19899-1350

Thomas D. H. Barnett
Draper & Goldberg, PLLC
PO Box 947 512 East Market Street
Georgetown, Delaware 19947-0947

Neil F Dignon
Draper & Goldberg, PLLC
PO Box 947 512 East Market Street
Georgetown, Delaware 19947-0947

Ellen W Slights
Assistant United States Attorney
1007 Orange Street Suite 700
Wilmington, Delaware 19899-2046

Stuart B Drowos Esquire
Deputy Attorney General
Delaware Division of Revenue
820 North French Street 8th Floor
Wilmington, Delaware 19801

Charles H. Keen
charles.h.keen@usdoj.g
Assistant United States Attorney
1007 Orange Street Suite 700
Wilmington, Delaware 19899-2046

*phillip allen dye*

_____
phillip allen dye
In care of: 403 Union Church Road
Townsend, Delaware [19734]