IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 13 |
| | ) | |
| PHILLIP A. DYE, | ) | Bank. Case No. 05-11619 JKF |
| | ) | |
| Debtor. | ) | |
| ——————————————— | ) | |
| | ) | |
| PHILLIP A. DYE and REBECCA J. DYE, | ) | |
| | ) | |
| Appellants, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-684-KAJ |
| | ) | |
| TRUSTEE MICHAEL B. JOSEPH, | ) | |
| | ) | |
| Appellee. | ) | |

## MEMORANDUM ORDER

## I. INTRODUCTION

Before me is a Motion to Strike filed by Phillip A. Dye ("Mr. Dye") in an appeal from a ruling of the Bankruptcy Court dismissing the Chapter 13 bankruptcy filed by Mr. Dye. (Docket Item ["D.I."] 15.) Also before me is a Motion to Affirm the Bankruptcy Court's dismissal, filed by the Trustee, Michael B. Joseph ("Trustee"). (D.I. 14.) Jurisdiction is proper under 28 U.S.C. § 158. For the reasons that follow, the order of the Bankruptcy Court dismissing Mr. Dye's claim will be affirmed, and the Motion to Strike will be denied.

## II.    BACKGROUND

Mr. Dye and his wife Rebecca J. Dye ("Mrs. Dye"; collectively, the "Dyes") have filed numerous pro se petitions for bankruptcy. (Bankr. Ct. D.I. 82, at 7[1]) On August 1, 2003, the Dyes filed their first Chapter 13 bankruptcy petition, but that filing was dismissed at Mr. Dye's request. (Case 03-12394 D.I. 1.) The Dyes filed another Chapter 13 petition on December 8, 2003. (Case 03-13727 D.I. 1.) That case was dismissed on May 21, 2004 by the Bankruptcy Court because it failed to present a confirmable plan of repayment, and the Dyes refused to file tax returns. (Case 03-13727 D.I. 23.) The Dyes eventually appealed to this Court and then to the United States Court of Appeals for the Third Circuit, which affirmed the dismissal. (Bankr. Ct. D.I. 82, at 7.) During the appeals process, the 180 day bar on new filings expired, so the Dyes filed a new Chapter 13 petition on June 10, 2005. (Bankr. Ct. D.I. 82 at 3). By June 13, 2005, Mrs. Dye had requested that her signature be withdrawn from that petition. (Bankr. Ct. D.I. 7.)

A hearing was held before the Bankruptcy Court on August 30, 2005 on several motions. (Bankr. Ct. D.I. 82.) On September 2, 2005 the Bankruptcy Court entered an Order dismissing the Chapter 13 case as to Mrs. Dye (Bankr. Ct. D.I. 66), because she had withdrawn her name from the petition, and as to Mr. Dye, as a result of his numerous bankruptcy filings, his refusal to file tax returns or pay taxes owed, and his proposed plan which provided no payments to creditors. (Bankr. Ct. D.I. 74). As part of

---

[1]References to docket entries on the Bankruptcy Court Case 05-11619-JFK docket will be cited as (Bankr. Ct. D.I._)

2

the Bankruptcy Court's dismissal, the Court also barred the Dyes for two years from filing for bankruptcy relief. (Bankr. Ct. D.I. 66, 74)

On September 20, 2005, the Dyes filed the present pro se appeal in this Court.[2] (D.I. 2.) The Trustee filed a Motion to Affirm the Bankruptcy Court's dismissal (D.I. 14). The Dyes followed with their Motion to Strike all evidence submitted by the creditors and a Reply Brief on March 31, 2006. (D.I. 15, 16.)

The Dyes seek to overturn the order dismissing this latest Chapter 13 petition and they request injunctive relief from all creditors in the Bankruptcy proceedings. (D.I. 12 at 2.) In dismissing the most recent of the bankruptcy appeals filed by Mr. Dye, the bankruptcy judge noted that the Dyes' basic contentions had previously and repeatedly been addressed and that Mr. Dye appeared to be prevaricating. (Bankr. Ct. 82, at 7-8.)

## III. STANDARD OF REVIEW

On appeal, a clearly erroneous standard applies to the Bankruptcy Court's findings of fact, and a plenary review standard applies to its legal conclusions. *See Am. Flint Glass Workers Union v. Anchor Resolution Corp.*, 197 F.3d 76, 80 (3d Cir. 1999). When reviewing mixed questions of law and fact, this court will accept the Bankruptcy Court's findings of "historical or narrative facts unless clearly erroneous, but [will] exercise plenary review of the trial court's choice and interpretation of legal precepts

---

[2]While the pro se appeal is filed in the name of both Mr. and Mrs. Dye, the signature purportedly executed by Mrs. Dye does not appear to be consistent with the signature on Bankr. Ct. D.I. 7, but is similar to Mr. Dye's signature, which causes concern that Mr. Dye may be signing papers in his wife's name. This is particularly troubling since Mrs. Dye withdrew from the petition which is the subject of the present appeal. (*Id.*)

3

and its application of those precepts to the historical facts." *Mellon Bank, N.A. v. Metro Communications, Inc.*, 945 F.2d 635, 642 (3d Cir. 1991) (internal citations omitted).

## IV.  DISCUSSION

The Bankruptcy Court can dismiss a Chapter 13 claim "for cause." 11 *U.S.C.* §1307(c)(5). Section 1325 specifies that the Bankruptcy Court may find cause for dismissal under Chapter 13 if the debtor fails to submit a confirmable plan in "good faith." *Id.* Lack of good faith in submitting a plan provides grounds for dismissal. *Leavitt v. Soto (In re Leavitt),* 171 F.3d 1219, 1224 (9th Cir. 1999); *In Re Lilley*, 91 F.3d 491 (3rd Cir. 1996).

Mr. Dye, in a filing initially purporting to be for both him and his wife, did not submit a Chapter 13 plan for relief in good faith. He submitted a blank repayment plan, indicating no intention to repay any of his debtors. (Bankr. Ct. D. I. 82, at 7.) Failure to propose repayment to any of his creditors was a failure to submit a confirmable plan. Furthermore, Mr. Dye will not be given another chance in this court to submit a confirmable Chapter 13 plan. See *Wolstein v. Docteroff* (*In re Docteroff*), 133 F.3d 210, 215 (3d Cir. 1997) (refusing to give "litigants who abuse the processes and dignity of the court a second bite at the apple.")

Even if the Dyes had provided a plan to repay some of their creditors, the plan could not have been confirmed because of a refusal to file tax returns. Accurate tax returns are important for a Bankruptcy Court to confirm a Chapter 13 plan. *See Whitehead v. United States*, 1997 U.S. Dist. LEXIS 11458 (D. Fla. 1997) (holding that

4

failure to file correct tax returns constitutes bad faith and makes it difficult for the court

to confirm a plan).

> Unmistakable manifestations of bad faith need not be based upon a finding of
> actual fraud, requiring proof of malice, scienter or an intent to defraud. We
> simply require that the bankruptcy courts preserve the integrity of the bankruptcy
> process by refusing to condone its abuse. The cornerstone of the bankruptcy
> courts has always been the doing of equity. The protections and forgiveness
> inherent in the bankruptcy laws surely require conduct consistent with the
> concepts of basic honesty.

*In re Waldron*, 785 F.2d 936, 941 (11th Cir. 1986). In the present context, refusal to file

tax returns is a manifestation of bad faith.[3]

## V.  CONCLUSION

Accordingly, it is hereby ORDERED that the order of the Bankruptcy Court

dismissing Mr. Dye's Chapter 13 Bankruptcy claim is AFFIRMED, and the Motion to

Strike filed by Mr. Dye is DENIED.

UNITED STATES DISTRICT JUDGE

July 28, 2006
Wilmington, Delaware

---

[3]No argument has been presented by either of the Dyes as to why the two year
bar on filing should be removed; therefore it will remain. If Mrs. Dye comes forward with
evidence demonstrating that her husband has acted without her authority in these
bankruptcy filings, the filing bar may be reconsidered as it pertains to her.