## UNITED STATES DISTRICT COURT
## FOR THE DELAWARE DISTRICT

| | |
|---|---|
| phillip allen dye and rebecca jane dye, a Private Natural man and woman ) ) ) | Docket No: |
| ) | Case No: Del: 05-684 |
| Appellants ) ) | |
| ) | Judge Kent A. Jordan |
| V. ) | |
| Michael B. Joseph Bankruptcy Court Trustee ) ) | Reference Chapter 13 Bankruptcy Case 05-11619-JKF |
| Appellee ) | |

To:

Peter T. Dalleo Clerk of Court
J Caleb Boggs Federal Building
844 North King Street
Wilmington, DE 19801



FILED
AUG - 9 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

### Præcipe

1. The document titled "Notice of Adjudicative Facts of Void Order Ab Initio Petition-Demand to Correct the Wrong was received 8/4/06 by the clerk.

2. An affidavit of service is enclosed affirming that the document was serviced.

3. Please stamp the enclosed copy of the document titled "Notice of Adjudicative Facts of Void Order Ab Initio Petition-Demand to Correct the Wrong that was received 8/4/06 by the clerk and return in the enclosed envelope.

4.

Date August 7, 2006

                          _phillip allen dye_
                          phillip allen dye
                          c/o 403 Union Church Road
                          Townsend, DE 19734

# In The United States District Court
# For The Delaware District

| | |
|---|---|
| In re PHILLIP A. DYE, Debtor | ) Chapter 13 |
| phillip allen dye and rebecca jane dye | ) Bank, Case No. 05-11619 JFK |
| Appellants | ) Civil Action No. 05-684-KAJ |
| V. | ) Delivery Confirmation Number: |
| | ) 0302 1790 0003 1154 7599 |
| Trustee Michael B. Joseph | ) By Special Appearance |
| Appellee | ) |

## *Affidavit of Service*

phillip allen dye is publishing this fact that he served Notice Of Adjudicative Facts Of Void Order Ab Initio Petition-Demand To Correct The Wrong by First Class Mail to the following men and women on the date August 7, 2006.

Michael B Joseph
824 Market St Suite 905
P O Box 1350
Wilmington, DE 19899-1350

Thomas D. H. Barnett
Draper & Goldberg, PLLC
PO Box 947 512 East Market Street
Georgetown, Delaware 19947-0947

Neil F Dignon
Draper & Goldberg, PLLC
PO Box 947 512 East Market Street
Georgetown, Delaware 19947-0947

Ellen W Slights
Assistant United States Attorney
1007 Orange Street Suite 700
Wilmington, Delaware 19899-2046

Stuart B Drowos Esquire
Deputy Attorney General
Delaware Division of Revenue
820 North French Street 8th Floor
Wilmington, Delaware 19801

rebecca jane dye
In Care of : 403 Union Church Road
Townsend, DE [19734]

*phillip allen dye*
phillip allen dye
In care of: 403 Union Church Road
Townsend, Delaware [19734]

| | |
|---|---|
| Secured Parties phillip allen dye and rebecca jane dye ) | ) Chapter 13 |
| Petitioners ) | ) Bank, Case No. 05-11619 JFK |
| ) | ) |
| Sue L. Robinson ) | ) Civil Action No. 05-684-KAJ |
| J. Caleb Boggs Federal Building ) | ) |
| 844 North King Street ) | ) Delivery Confirmation Number: |
| Room 6124 Lock Box 31 ) | )    0302 1790 0003 1154 7599 |
| Wilmington Delaware 19801 ) | ) |
| ) | ) By Special Appearance |
| _____Chief Judicial Official_____ | |

## Notice of Adjudicative Facts of Void Order
## Petition-Demand To Correct The Wrong

Sue L Robinson, Chief Judicial Officer,

1. The enclosed notice as title above is submitted petitioning this court to correct the error as cited in the notice. The error as evidenced in the notice if not corrected within 72 Hours could result in liabilities of Judicial Disciplinary action, civil action and or criminal action for misconduct of the judicial officer for all parties involved.

*Notice to the Principle is Notice to the Agent*

*Notice to the Agent is Notice to the Principle*

*Sui Juris – Jura summi imperii*

I phillip allen dye and I rebecca jane Dye herein attest that the above statement is true and correct to best of my knowledge under penalty of perjury In My Private Capacity my Own Right Propria Persona Sui Jura Summi Imperii I affirm and execute this document. I therefore place my Autograph and Seal in Witness thereof.

Date: August 03, 2006

Autograph: *phillip allen dye*

Autograph: *rebecca jane dye*

**THIS INSTRUMENT IS
NON-NEGOTIABLE**



# In The United States District Court
# For The Delaware District

| | |
|---|---|
| In re PHILLIP A. DYE, Debtor | ) Chapter 13 |
| phillip allen dye and rebecca jane dye | ) Bank, Case No. 05-11619 JFK |
| Appellants | ) Civil Action No. 05-684-KAJ |
| V. | ) Delivery Confirmation Number: |
| | ) 0302 1790 0003 1154 7599 |
| Trustee Michael B. Joseph | ) |
| | ) By Special Appearance |
| Appellee | ) |

### Notice Of Adjudicative Facts Of Void Order Ab Initio
### Petition-Demand To Correct The Wrong

Comes Now the Appellants-Affiants, members of the Indigenous North American Peoples and lineal descendent members of the Pembina Nation Little Shell Band of North America, members of the Moorish American Nation, in their private natural capacity bring this action on their own behalf as members of the private citizenry of the United States of America, states as follows:

1. Jurisdiction and authority of this Mandatory Judicial Notice is found upon and conferred by:

    a. Article III §-2 of the Constitution for the United States establishing; the judicial Power shall extend to all Cases in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under this their Authority; to Controversies to which the United States shall be a party.

    b. Federal Rules of Evidence Rule 201(a)(b)(c)(d)(e). Judicial Notice of Adjudicative Facts.

2. This Court shall take Judicial Notice of the following Adjudicative Facts.

3. Adjudicative Fact of which this court shall take note is found beyond all reasonable doubt, Sundberg v. State, Alaska App., 667 P.2d 1268, 1271 and is not subject to reasonable dispute, are those to which law is applied in process of adjudication, Grason Elec. Co. v. Sacramento Mun.

Utility Dist., D.C Cal., 571 F. Supp. 1504, 1521.

4. Adjudicative Fact; The Memorandum Order issued by Kent Jordon in this Court on July 28, 2006 dismissing the Motion to Strike and affirming the order of the Bankruptcy Court dismissing the Chapter 13 case 05-11619 JKF is Null and Void on its fact having no force in law and equity: This fact is not subject to dispute and is beyond reasonable doubt and is found upon the following support in truth, in law and equity.

### Law and Equity In Support of Adjudicative Fact of Void Order

5. Title 28 United State Code §-2072(a)(b) Judiciary and Judicial Procedure Part V Procedure Chapter 131 Rules of the Court §-2072(a)(b) Rules of Procedure and Evidence. The Supreme Court declares "Such rules, orders, decisions or otherwise that abridge, enlarge or modify any substantive right shall be of no further force or effect after such have taken place."

   A. As such the July 28, Order is null and void because the order abridges – diminishes substantive rights secured at 4th, 5th, and 14th Amendments to the Constitution for the United States.

6. Title 28 United State Code Judiciary and Judicial Procedure, Part V, Procedure Chapter III, General provisions at the §-1652 the sub-title being, State Laws as Rules of Decision; the rules of decision in civil actions in the courts of the United States are regarded as decisions except where the Constitution or Treaties otherwise require or provide.

   A. As such the July 28, 2006 is null and void whereas Amendments IV and V provide otherwise securing all Substantive Rights including full access to Due Process and equal protection of private property under the law.

7. Federal Rules of Civil Procedure Rule 61 Harmless Error – Any ruling or order or in anything done or omitted by the court or by any of the parties is ground for setting aside a verdict or for vacating, modifying, or otherwise disturbing a judgment or order when the substantial rights of the parties are affected.

    A. As such the July 28, 2006 is null and void whereas Amendments IV and V provide otherwise securing all Substantive Rights including full access to Due Process.

8. Federal Rules of Civil Procedure Rule 60(b)(1)(3)(4)(6) Relief from Judgment or Order – The court may relieve a party from a final judgment, order for the following reasons:

    A. Rule 60(b) (1) mistake, inadvertence, surprise, or excusable neglect.

        1. The court made an inexcusable mistake and inadvertence careless failure and excusable neglect to regard and preserve the substantive right preserved, secured and protected by Amendments Four, Five and Fifteen to the Constitution for the United States.

        2. The Dyes are denied full and equal access to the secured and protected substantive right to due process, Amendment Five United States Constitution full access to Due Process and Equal Protection under the law during the Due Process.

        3. The Order must be vacated, set aside, declared void, See State ex rel. Regis v District Court of Second Judicial Dist., in and for Silver Bow County, 102 Mont. 74, 55 P.2d 295, 1298.

    B. Rule 60(b)(3) For Fraud – Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party.

        1. The misconduct of the court in executing Rule 59(e) and its misrepresentation of Rule 60(b) cited below and the misrepresentation of Amendments 4-5 and 14.

        2. Mr. Jordon's statements, arguments and defenses for his order decision are merit less and not relevant to the issues in the motion to strike and the issues in the dismissed bankruptcy. The Positive Laws in Force cited above, in the Title 28 United States Code §-2072(a)(b) and §-1652 affirm the order as void.

    C. Rule 60(b)(4) Void Judgment – The July 28, 2006 Order is Null and Void on its face having neither merit nor force in law as cited in Title 28 United States Code §-2072(a)(b) and §-1652.

10. This Court shall take Judicial Notice of the following Adjudicative Facts.

  A. Rule 60(b)(6) – Grants authority to this court to entertain an independent action to relieve the Appellants from the July 28, 2006 Order and grant relief to effect due process secured by the 4th, 5th and 14th Amendments.

11. This Court shall take Judicial Notice of the following Adjudicative Facts.

  A. The following Notice is found on Article VI to the Constitution for the United States. Notice of Acceptance of Constitutions, Oath of Office and Fiduciary Duty of Public Servant Judicial Officer Kent Jordon as ascribed in enclosed said notice.

   1. Kent Jordon is therefore bound by the oath of office to perform all Judiciary and Judicial Public Servant Fiduciary Duties in this matter by supporting the rule of the Constitution as the Supreme Law in Fact and Equity avoiding any mistake, inadvertence, surprise, or excusable neglect of such or performing any action that diminishes a substantive right.

   2. Article VI of the Constitution for the United States of America demands that Kent Jordon immediately correct the mistake of the court and grant to motion to strike and execute a law in equity review and deliberation of the appeal of the Appellants based on the merits of law presented in the motion to strike and in the Bankruptcy Case No. 05-11619 JFK.

### Mistakes to be corrected

12. The mistakes made include the following:

  A. The Trustee Michael B. Joseph is demanding that a Payment plan be submitted for approval.

  B. The Bankruptcy Rules demand that a plan be submitted.

  C. The following creditors in the Bankruptcy each alleged a debt liability as noted below:

   1. IndyMac Bank, FSB alleged a mortgage loan debt.

   2. Internal Revenue Serviced alleged an income tax liability.

   3. Delaware Division of Revenue alleged a tax debt liability.

  D. The Appellants, the dyes, having a Choate Security Interest in the property in question,

disputed each creditor alleged debt claim. And on behalf of the Debtors filed counter validated and verified Proof of Claims against each creditor; alleging that neither creditor submitted a verified and validated proof of claim.

E. The Rules of the Bankruptcy Court demand that validated and verified proof of claims be submitted. Neither creditor conformed to those rules.

F. A payment plan cannot be submitted for approval when there is no valid verified claim.

G. There being no valid claims submitted except the proof of claims submitted by the Appellants, the Bankruptcy Court Administrative Officer Judith K. Fitzgerald should have dismissed the creditors false non valid claims and granted the appellants validated proof of claims.

13. The actions of the court officials constitute an abridging, diminishing taking of substantive rights, a taking of private property, secured by the 4th, 5th and 14th Amendments, and appear similar to acts of extortion, racketeering, privateering and piracy on dry land.

14. There are numerous legal and lawful questions in this matter demand equitable remedy litigation.

15. The alleged creditors have relied on the lawyer Michael B. Joseph the court trustee to motion to dismissed to speak for them and each have failed to meet the requirement to answer by repudiating any of the claims against them. Evidentiary facts to consider:

A. Statements of counsel in their briefs or arguments are not sufficient for purposes of granting a motion to dismiss or for summary judgment, *Trinsey* V. *Pagliaro*, D.C. Pa. 1964, 229 F.Supp. 647.

B. Statements-of counsel made during the court process serve as second hand un-sworn statements, which therefore could not be regarded as evidence in fact and can not be considered by the court. "Manifestly" [such statements] cannot be properly considered by us in the disposition of [a] case," UNITED STATES v. LOVASCO (06/09/77) 431 U.S. '83,9' S. Ct. 2044, 52 L. "Ed. 2d 752.

C. Unsupported contentions of material fact are not sufficient on motion for summary judgment, but rather, material facts must be supported by affidavits and other testimony and documents that would be admissible in evidence at trial. *Cinco Enterprises, Ins. v. Benso, Okla.*, 890 P.2d 866 (1994).

D. Any ruling on motion for summary adjudication or any adjudication must be made on record by testimony the parties have actually made and not upon one that is theoretically possible or by statements of counsel. State ex *rei. Macy v. Thirty Thousand Seven Hundred Eighty one Dollars & No! 100,* Okla. App. Div. 1, 865 P.2d 1262 (1993).

E. Statements-of counsel made during the court process serve as second hand un-sworn statements, which therefore could not be regarded as evidence in fact and ca not be considered by the trial court. "Manifestly" [such statements] cannot be properly considered by us in the disposition of [a] case," UNITED STATES v. LOVASCO (06/09/77) 431 U.S. '83,9' S. Ct. 2044, 52 L. "Ed. 2d 752.

16. Michael B. Joseph's motion is further evidenced as being void having no legal force by statements from the citations herein above.

17. This Court shall take Judicial Notice of the following Adjudicative Facts.

A. This Mandatory Judicial Notice is providing a preponderance of Adjudicative Facts in law and equity in support of the motion to strike and deliberate on the Appeal in law and equity.

18. This Court shall take Judicial Notice of the following Adjudicative Facts.

A. Such Laws protecting the secured Substantive Rights of Private Natural Appellants phillip allen dye and rebecca jane dye thus is ensuring all Unalienable Rights including Immunities Exclusions from Rules, Orders, Decisions or other wise that abrogates said Substantive Rights.

19. This Judicial Notice is furnishing this court, preponderances of sufficient adjudicative evidentiary facts enabling the court to comply with the demands given herein.

20. Therefore, I phillip allen dye and I rebecca jane dye private natural citizens reasonable, respectfully in honor demand that this Honorable Court correct the mistake of Kent Jordon to effect full access to the Due Process for the appellants.

21. WHEREAS, Failure to correct the wrong and perform duties within the oath of office will pose liabilities resulting in breach of oath of office and breach of performance of public servant duties in honor and truth, and breach of Constitution, abandon of Court Rules and Procedures and conspiracy and deprivation of secured inalienable substantive rights secured by Constitution.

22. This is a Judicial Notice with a Petition –Demand to Correct a Serious Wrong. There is nothing herein to be construed to be anything but a Judicial Notice with a Petition –Demand to Correct a Serious Wrong.

## *Autograph Verification and Authentication of Complaint*
### *Private Notary   Sui Juris – Jura Summi Imperii*

*I phillip allen dye, I rebecca jane Dye herein attest, affirm and declare, VERIFY and AUTHENTICATE that the above statements and declarations of evidentiary facts are true and correct to best of my knowledge under penalty of perjury In My Private Capacity my Own Right In Propria Persona Sui Jura Summi Imperii I affirm and execute verify and authenticate this complaint document. I therefore place my Autograph and Seal in Witness thereof.*

Date: August 03, 2006

Autograph: *phillip allen dye*

Autograph: *rebecca jane dye*



Page 7 of 7

# In The United States District Court
# For The Delaware District

| | |
|---|---|
| In re PHILLIP A. DYE, Debtor | ) Chapter 13 |
| phillip allen dye and rebecca jane dye | ) Bank, Case No. 05-11619 JFK |
| Appellants | ) Civil Action No. 05-684-KAJ |
| V. | ) Delivery Confirmation Number: |
| | ) 0302 1790 0003 1154 7599 |
| Trustee Michael B. Joseph | ) By Special Appearance |
| Appellee | ) |

## Affidavit of Service

phillip allen dye is publishing this fact that he served Notice Of Adjudicative Facts Of Void Order Ab Initio Petition-Demand To Correct The Wrong by First Class Mail to the following men and women on the date August 7, 2006.

Michael B Joseph
824 Market St Suite 905
P O Box 1350
Wilmington, DE 19899-1350

Thomas D. H. Barnett
Draper & Goldberg, PLLC
PO Box 947 512 East Market Street
Georgetown, Delaware 19947-0947

Neil F Dignon
Draper & Goldberg, PLLC
PO Box 947 512 East Market Street
Georgetown, Delaware 19947-0947

Ellen W Slights
Assistant United States Attorney
1007 Orange Street Suite 700
Wilmington, Delaware 19899-2046

Stuart B Drowos Esquire
Deputy Attorney General
Delaware Division of Revenue
820 North French Street 8th Floor
Wilmington, Delaware 19801

rebecca jane dye
In Care of : 403 Union Church Road
Townsend, DE [19734]

*/s/ phillip allen dye*
phillip allen dye
In care of: 403 Union Church Road
Townsend, Delaware [19734]





Phillip Dye
# Pvt
403 Union Church Rd.
Townsend, DE 19734

Peter T Dalleo Clerk of Court
United States District Court
844 King Street Lock Box 18
Wilmington, Delaware 19801

