IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 13 |
| | ) | |
| PHILLIP A. DYE, | ) | Bank. Case No. 05-11619 JKF |
| | ) | |
| Debtor. | ) | |
| | ) | |
| PHILLIP A. DYE and REBECCA J. DYE, | ) | |
| | ) | |
| Appellants, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-684-KAJ |
| | ) | |
| TRUSTEE MICHAEL B. JOSEPH, | ) | |
| | ) | |
| Appellee. | ) | |

## MEMORANDUM ORDER

On July 28, 2006, the Bankruptcy Court's Dismissal of Mr. Dye's ("Dye") case was affirmed. (Docket Item ["D.I."] 15.) On August 3, 2006, Dye filed a "Notice of Adjudicative Facts of Void Order Petition-Demand To Correct The Wrong" and "Notice of Adjudicative Facts of Void Order Ab Initio Petition-Demand to Correct the Wrong" (D.I. 19, 20), in effect requesting reconsideration of the July 28 ruling.

"[A] court may only grant reconsideration if there is: (1) a change in the controlling law; (2) newly available evidence; or (3) the need to correct a clear error of law or fact to prevent manifest injustice. *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)." Dye fails to assert any change in the controlling law, newly available evidence, or a clear error of law that would cause injustice.

The request for reconsideration is therefore DENIED.

_____
UNITED STATES DISTRICT JUDGE

August 18, 2006
Wilmington, Delaware