## 𝕷𝖊𝖙𝖙𝖊𝖗 𝕺𝖋 𝕬𝖉𝖛𝖎𝖈𝖊 𝖆𝖓𝖉 𝕷𝖊𝖌𝖆𝖑 𝕹𝖔𝖙𝖎𝖈𝖊

October 02, 2006                                                   Delivery Confirmation 0306 0320 0005 3031 8783

**To:** Peter T. Dalleo Clerk of US Delaware District Court      **From:** phillip allen dye Secured Party
J Caleb Boggs Federal Building                                         Mail Location: Post Office Box 508
844 North King Street Lockbox 18                                Odessa, Delaware 19730
Wilmington, DE 19801-3507

Ref: Offer of Tender of Payment of District Court of District of Delaware Filing Docket $105.00 Fee to make final payment of the total fee of $455.00.

Dear Clerk of Court:

This is a letter to advise and give notice to you that a Financial Transaction from the Assignor's Uniform Commercial Code Contract Treasury Account that completely paid off enclosed Debt Presentment, has taken place with the issue of the enclosed Statement of Assignment of Account. Your compliance is required to accept payment offer and satisfy all debt liens and report lien satisfaction with all credit reporting agencies under Commerce Commercial Laws of the United States, the Laws under the Uniform Commercial Code and pursuant to the enclosed Uniform Commercial Code-1 Financial Statement, Security Agreement and Copyright Notice.

All documentation shall be satisfactory to the U.S. Secretary of Transportation in form and substance, as sole trustee or receiver in proceedings related to Bankruptcy, Equity, or Admiralty and in accord with the USC Title 46, §-1247.

(A) Found and determined that the Ens Legis Debtor name in the enclosed Commercial Security Agreement is a citizen of the United States within the meaning of Section 2 of the Shipping Act 1916 as amended.
(B) Found and determined that the Ens Legis Debtor named in the enclosed Commercial Security Agreement is a documented vessel of the United States for the purpose of Foreign Trade, Coasting Trade or Home Traffic due to the registered and recorded Certificate of Birth. Found and determined that the vessel is a preferred mortgage, that includes the whole and has as the mortgagee: a state, the United States government, a federally insured depository institution, an individual who is a citizen of the United States, a person qualifying as a citizen of the United States under Section 2 of the Shipping Act, 1916 (46 App. U.S.C. 802) or a person approved by the Secretary of Transportation.
(C) Found and determined that the Secured Party named in the enclosed Commercial Security Agreement, as beneficiary is a person qualifying as a citizen of the United States as defined in Section 2 of the 1916 Act (46 App. U.S.C. 802).
(D) Found and determined that the vessel will be held in trusts established as a Commercial Business Entity (Ens Legis) conducting business within the United States from Puerto Rico, Guam or the Virgin Islands under an assigned Entity Account Number as shown in the attached Commercial Security Agreement.
(E) Found and determined that the United States guarantees the obligations of the Secured Party named herein on the attached Commercial Security Agreement under cover of a separate Security Agreement in the form of a Commitment To Guarantee Obligations by the United States of America and executed by the Secretary of Transportation for the United States.
(F) Required that the debtor shall not merge or consolidate with any other Entity or sell, lease, transfer, or otherwise dispose of all, or substantially all, of its assets to any person or entity without the prior consent of the Secured Party name Herein on the attached Commercial Security Agreement.
(G) The Secured Party named herein on the attached Commercial Security Agreement is authorized by law to make any and all transfers.

Please indicate your acceptance of the foregoing actions by signing and returning the enclosed copy of this letter, noting the date of signing thereon.

Sincerely,                                                         Name: _____

Accepted by: _____

[FILED stamp: OCT - 3 2006 U.S. DISTRICT COURT DISTRICT OF DELAWARE]

For: _____

Date: _____

BD scanned

## Statement Of Assignment Of Account
## This Is A Valuable Document

October 02, 2006                                         Delivery Confirmation 0306 0320 0005 3031 8783

*Know All Men By These Presents*, phillip allen dye mail location Post Office Box 508 Odessa, Delaware, party of the first part (Assignor), is a Private Native American the Secured Party of record Holder in Due Course of a Perfected Superior Secured Security Interest with unlimited Commercial Liability named in the enclosed UCC Financing Statement File No. 4100643 8 filed with the DELAWARE DEPARTMENT OF STATE UCC Filing Section on April 08, 2004.

*That the party of the first part (Assignor) under the doctrine of necessity, in consideration of the sum up to the limited amount of the enclosed Debt Claim Total of $105.00 is assigning the unlimited secured interest in his UCC Contract US Treasury Account Number :0310000401:031•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••1032 as tender of payment thereof. I phillip allen dye Secured Party assign and transfer to original debtor for payment to pay to party of the second part (Assignee) The Clerk for the UNITED STATES DISTRICT COURT DISTRICT OF Delaware 19801-3507 for District Court Filing and Docket Fee for Notice of Appeal, at or before the ensealing and delivering of these presents, set over unto the said party of the second part and in accordance with the Terms of the Indemnity Clause contained within the enclosed Commercial Security Agreement and executed by Secured Party, together with the claim or obligation described in said Claim and the money due and to become due thereon, with interest accrued and owing thereon upon demand in accord with House Joint Resolution 192 and United States Code Title 31, §-5118 and §-5119 at par.*

*To Have and To Hold the same unto the said party of the second party, it successors and assigns forever or until payment, the said party of the first part has caused these presents to be signed in his/her name without recourse.*

*This statement is executed and filed pursuant to Delaware Code Annotated Title 6 Commerce and Trade UCC § 9-401.*
*This Valuable Document is money pursuant to U.C.C. § 1-201 (24)*

### Sui Juris – Jural Summi Imperii

*On October 02, 2006, I phillip allen dye a Private Native American National Secure Party Holder in Due Course of a Superior Secured Security Interest in Real Estate Property in Commerce with Unlimited Commercial Liability capable to manage my own affairs via UCC-1 Financing Statement, enclosed; hereby attest, affirm and declare that the information is true, valid and complete based on first-hand factual knowledge of the facts contained herein to the best of my knowledge, understanding, and belief, is affirmed by my Autograph and Seal.*

                                               *phillip allen dye*
                                                    Autograph

Name: *Innovative Consultants*
Mail Location: *Post Office Box 508*
City/State/Zip: *Odessa, Delaware 19730*

Endorsement of Assignee: _____
                                  Signature
Date: _____

Deposit to: Name of Assignee's Bank _____

For Credit to: Assignee's Bank Account Number _____

The Statement of Assignment is payable through the
The Department of Transportation
Atten: Normil Minets
400 7th Street SW
Washington, DC 20590

*Brief in Support*

*The purpose of showing the assignment of record is to give notice that any inquiries relating to the transaction should be made to the assignee. (Alabama. Opinion of the Attorney General, 1967 Ala 4 UCCRS 132).*

*Partial assignments, or special assignments for a particular creditor U.S. Iowa 1982. Code Iowa. § 2115, providing that no general assignment for the benefit of creditors shall be valid unless made for the benefit of all creditors in proportion to their respective claims, does not prevent partial assignments with preferences, or sales or mortgages of any or all of the Debtor's property in payment or security for indebtedness. (South Branch Lumber Co. v. Ott, 12 S. Ct. 318, 142 US. 622 35 L.Ed 1136).*

*In general, U.S. Dist. Col. 1842. An assignment by a Debtor under the insolvent laws of Pennsylvania passes to the assignee a claim of the Debtor on the United States for extra services as a public officer, where such claim is presented, before the assignment in a memorial to Congress, although not granted by an act until after the Debtor has received his discharge under those laws; and the Assignee, and not the Debtor, will be entitled to receive the amount from the government. (Miller v. Metz, 41 US. 221, 16 Pet. 221, 10 L.Ed 943).*

*Also U.S. Wis 1869. A valid deed of assignment, for the benefit of creditors, generally places the property so assigned beyond the touch of the ordinary process of attachment or execution directed against the property of the assignor. (McGoon v. Scales, 76 US. 23, 9 Wall. 23, 19 L. Ed. 545).*

*U.S. Iowa 1884. The assignment of a claim for current expenses of a railroad company in the hands of a receiver carries with it the right to claim payment out of the fund on which it is a charge. (Burnham v. Bowen, 4 S. Ct. 675, 111 US. 776, 28 L.Ed 596).*

*U.S. NY. 1919. Assignment to a certain amount by the obligee in a bond of the principal's obligation thereon carries with it the obligation of the surety given to secure the faithful performance of the duty required of the principal. (Brainerd, Shaler & Hall Quarry Co. v. Brice, 39 S.Ct., 458, 250 US. 229, 63 L.Ed. 951).*

*Also U.S. Dist. Col. 1878. If the thing be assigned, the right to collect the proceeds adheres to it, and travels with it whithersoever the property goes. They are inseparable. (Phelps v. McDonald, 99 US. 298, 25 L. Ed. 473).*

*Nature and Extent of Rights of the Assignee in general. U.S. Ky. 1830. Where an act of Congress authorized the assignment to the United States of all of a party's rights to money mentioned in a certain receipt when the assignment was made, the legal right was vested in the government, and a charge against the party who had executed the receipt on the books of the Treasury was authorized (U S. v. Buford, 28 US. 12, 3 Pet. 12, 7 L. Ed 585).*

*Also in an action by the United States to recover $10,000 (Ten Thousand) allegedly received by defendant to the use of the United States, where declaration was special on a Treasury Account, and account was raised on the Assignment of a receipt, the claim of the United States could not be considered as existing prior to the Assignment. (US. v. Buford, 28 US. 12, 3 Pet. 12, 7 L. Ed. 585).*

*Including, U.S. Dist. Col. 1854. Generally, a purchaser of a chose in action or of an equitable title must abide by case of person from whom he buys, and is entitled to that persons remedy, but in some instances, a purchaser, by substaining character of a bona fide Assignee, will be in a better situation than the seller. (Judson v. Corcoran, 58 US. 612, 17 How. 612, 15L, Ed. 231).*

*As affected by Notice of Assignment. Pa. 1776. The Assignee of a chose in action not negotiable takes it subject to all the equities, which existed between the Assignor and the Maker thereof at the time of the Assignment, and all such equities as may attach in favor of the Maker, before notice of such Assignment by the Assignee to the Maker. (Wheeler v. Hughes, / US. 23, / Dall. 23, 1 L. Ed. 20).*

*So the overall effect of filing a separate Assignment is that after the filing of a statement or a copy of the Assignment, the Assignee is now the Secured Party of record. (UCC § 9-405 (3) See also § 9-405:1). Also filing a Notice of Assignment does not in itself terminate any rights that the Assignor may have in the assigned Security Interest. (Minnesota. Van Diest Supply Co. v. Adrian State Bank [1981 Minn) 305 NW2d 342, 31 UCCRS 420). And if a financing statement shows the Assignment of the Security Interest, the Secured Creditor-Assignor has no standing to bring an action for the conversion of the Collateral. (Illinois. Art Signs, Inc. v. Schaumburg State Bank 1987 1 Dist. 162 Ill.App. 3d 955.516 NE2d 341.5 UCCRS 2d). Which also can he an Assignment without Recourse, once a transfer is made by a dealer to a bank without recourse is Significant in showing that the transfer Assigned the Rights of the dealer in the Contract. (Arizona. Empire Machinery Co. v. Union Rock & Materials Corp. (/978 App) 1/9 Ariz /45, 579 P2d 11/5, 24 UCCRS 232).*

*The Purpose and Effects section of this Brief in Support were taken from Secured Transactions, Section 9-405.*

*Assignment of Account is the transfer to the Assignee giving him a right to have moneys when collected applied to payment of his debt. (Nanny v. H. E. Pogue Distillery Co., 56 Cal App.2d 817, 133 P. 2d 686, 688. Also Black's Law Dictionary,).*

*Without Recourse, this phrase, used in making a qualified indorsement of a negotiable instrument, signifies that the indorser means to save himself from liability to subsequent holders, and is a notification that, (payment is refused by the parties primarily liable, recourse cannot be had to him. (Thompson v. First State Bank; /02 Ga. 696, 29 S. E. 6/0; Binswanger V. Hewitt, 79 Misc. 425, 140 N Y. S. /43, 145. Also Black's Law Dictionary).*

*Payment or satisfaction, the liability of any party is discharged to the extent of his payment or satisfaction to the holder even though it is made with knowledge of a claim of another person to the instrument unless prior to such payment or satisfaction the person making the claim either supplies indemnity deemed adequate by the party seeking the discharge or enjoins payment or satisfaction. As according to U CC. § 3-603.*

*Tender of payment, any party making tender of full payment to holder when or after it is due is discharged to the extent of all subsequent liability for interest, costs and attorney's fees. As according to UCC. § 3-604.*

# Exhibit 1

**TITLE 12> (CHAPTER 3> SUBCHAPTER XII> §-411**

**§-411 - Issuance to reserve banks; nature of obligation; redemption**

Federal reserve notes, to be issued at the discretion of the Board of Governors of the Federal Reserve System for the purpose of making advances to Federal Reserve banks through the federal reserve agents as hereinafter set forth and for no other purpose, are authorized. The said notes shall be obligations of the United States and shall be receivable by all national and member banks and Federal Reserve banks and for all taxes, customs, and other public dues. They shall be redeemed in lawful money on demand at the Treasury Department of the United States, in the city of Washington, District of Columbia, or at any Federal Reserve Bank.

# Exhibit 2

DEBT IS TRANSFERRED BY ASSIGNMENT

STANEK V. WHITE. (No. 26178.)

Supreme Court of Minnesota. Oct. 14, 1927.

(Syllabus by the Court)

1. Bankruptcy g=434-Moral obligation to pay debt, represented by note from which debtor was released in bankruptcy, held sufficient consideration for new note.

In an action on a promissory note given for a note from which debtor had been released by a discharge in bankruptcy, held:

That the moral obligation to pay the original debt is a sufficient consideration to support the new promise to pay.

2. Bankruptcy 434-After discharge, debt was assignable, as respects consideration for new promise.

After a discharge, the original debt has sufficient vitality to be assignable.

3. Bankruptcy ='436(3)-Possession of original note, as to which maker was discharged in bankruptcy and which he received on making new note, held to make prima fade showing of ownership.

Plaintiff's possession of the original note made a prima facie case of ownership.

Appeal from Municipal Court of Minneapolis; C. L. Smith, Judge.

Action by William It. Stanek, as administrator of the estate of Clara Koller Stanek, deceased, against M. W. White. From a judgment for plaintiff, defendant appeals. Affirmed.

Lewis Severance, of Minneapolis, for appellant.

Allen & Fletcher and Thomas Vennum, all of Minneapolis, for respondent.

WILSON, C. J. (I] Appeal from judgment. Victor Stanek held a promissory note of defendant, who procured a discharge in bankruptcy. Thereafter defendant gave a note for $402.50 to Clara Stanek, the mother of Victor Stanek, who surrendered to him the original note. The administrator of the estate of Clara Stanek, now deceased, seeks to recover judgment upon the new note. The answer alleges want of consideration for the new note.

The original debt was not paid. The discharge in bankruptcy operated as a bar to its enforcement. The debt could be revived by a new promise, which, in Minnesota, must be in writing. G. S. 1923, 8456, subd. 4. The moral obligation involved in the original debt affords a sufficient consideration to support a new promise to pay the debt. Dunnell's Digest, 74S; Collier on Bankruptcy, vol. 1, p. 642; Gilbert's Collier on Bankruptcy (1927) 413. *Liability rests upon new promise to pay, not upon the original note. The discharge took the enforceability from the original note which still evidenced the moral obligation, and the new note revived the legal obligation.*

*[2] There is a distinction between a debt discharged and one paid. When discharged, the debt still exists, though divested of its character as a legal obligation during the operation of the discharge. Something of the original vitality of the debt continues to exist, which may be transferred even though the transferee takes it subject to the disability incident to the discharge. The fact that it carries something which may be a consideration for a new promise to pay, so as to make an otherwise worthless promise a legal obligation, makes it the subject of transfer by assignment. Badger v. Gilmnore, 33 N.H. 361, 66 Am. Dec. 729.* Indeed, there is no reason why a transferee of such note should not have the benefit of having the debt advanced to a condition of legal liability.

[3] The method of transfer from the original payee to the mother Is not important. The transfer was made after the discharge and before the new note was given. Plaintiff does not claim any rights superior to the original holder. Possession of the original note made a prima facie showing of ownership. Defendant received the same from her hands, and does not plead any lack of authority in the mother to surrender the old note for the new.

Affirmed.

Exhibit 1 and 2

Page 1 of 1

# Exhibit 3

Law Enforcement Manual Ill

3(27)(68) 1.4

Authority for Other Documents

    LEM 3(27)(68)0 provides the authority for two other documents, the contents of which are extracted from this manual. They are (1) Document 6209 OP and IDRS Information, and (2) Document 5576-Vest Pocket Edition ADP Transaction Codes. Only Document 6209 s for Official Use Only.

3(27)(68)2 Entity Codes

3(27)(68)2.1 General

    The Entity Codes identify the taxpayer as to account number, filing requirements, location, etc., and are recorded in the Entity Section of a taxpayer's account on the Master File.

3(27X68)2.2 Entity Account Number

    (1) Each taxpayer account is maintained on the BMF, IMF, [RAF, or EPMF in Entity Account Number sequence. All returns and transactions processed must contain the taxpayer's correct account number. The Entity Account Number (EAN) or Taxpayer Identification Number (TIN) are also referred to as Employer Identification Number (EIN) or Social Security Number (SSN).
    (2) BMF Entity Account Number--a nine-digit number assigned by the Internal Revenue Service Centers (SC) to taxpayers who must file business returns, officially entitled Employers' Identification Number. The printed format is: xx-xxxxxxx. Form 706 and 709 accounts will be in Social Security Number (SSN) sequence.
    (3) IMF and IRAF Entity Account Number-The nine-digit Social Security Number assigned by the Social Security Administration to all individuals required to file individual returns. The printed format is: xxx-xx-xxx.
    (4) EPMF Accounts-Accounts are maintained in Employer Identification Number sequence.
    (5) Temporary 1MF or IRAF Social Security Number--a nine-digit temporary number assigned by the Service Center (9xx)-(xx)-(xxxx).
    (a) 900 through 999-indicates number is a temporary SSN.
    (b) The code of the service center assigning the number.
    (c) Numbers assigned consecutively beginning with 0001.
    (d) The printed format of a Temporary IMF or IRAF Entity Account Number is Txxxxxxxxx.
    (6) IMF and IRAF: For printing on other than taxpayer notices and transcripts. a tenth digit (either zero or one and referred to as the SS N Validity Digit) is shown to the right of the 9-digit SSN. An asterisk (') appears next to the SSN on taxpayers notices and transcripts to indicate the SSN is invalid for the particular taxpayer.

| SSN Validity Digit | Explanation |
|---|---|
| 0 | The SSN is valid for the taxpayer using it |
| 1 | The SSN is not valid for the taxpayer using it |

| page LEM 3(27)(68) 0-7 (1-1-90) | LEMT III-386 | Official Use Only |
|---|---|---|

Exhibit 3      Page 1 of 1

**Exhibit 4**

Contract No. MA _____

COMMITMENT TO GUARANTEE OBLIGATIONS

by

THE UNITED STATES OF AMERICA

Accepted by

Shipowner

THIS COMMITMENT TO GUARANTEE OBLIGATIONS, dated _____ (the "Guarantee Commitment"), made and entered into by the UNITED STATES OF AMERICA (the "United States"), represented by the SECRETARY OF TRANSPORTATION, acting by and through the MARITIME ADMINISTRATOR (the "Secretary"), and accepted on said date by _____, a _____ (the "Shipowner").

RECITALS:

    A. The Shipowner is the sole owner of the _____ and _____, Vessels built pursuant to the Construction Contract with (the "Shipyard").

    B. To aid in financing the Construction of the Vessels, the Shipowner will borrow an aggregate principal amount equal to, ____% of the Depreciated Actual Cost or Actual Cost of the Vessels, as the case may be, as of the Closing Date. To accomplish such financing, the Shipowner has accepted this Guarantee Commitment subject to the terms and conditions set forth herein.

    C. The Shipowner has entered into the Bond Purchase Agreement providing for the sale and delivery, on the Closing Date, of obligations in the aggregate principal amount of $_____ to be designated "United States Government Guaranteed Ship Financing Obligations, Series" (the "obligations'") having the maturity date and interest rate set forth herein.

    D. As security for the Guarantees and the Secretary's Note, the Shipowner will execute and deliver the Security Agreement, Contract No. MA_____ , and the following agreements shall be executed and delivered: the Indenture, the Authorization Agreement, Contract No. MA _____ the Secretary's Note, the Mortgage, Contract No. MA _____, the Financial Agreement, Contract MA _____ and the Depository Agreement, Contract No, MA _____ .

Exhibit 4          Page 1 of 2

Document 1

COMMITMENT TO GUARANTEE OBLIGATIONS

by

THE UNITED STATES OF AMERICA

Accepted by

Shipowner

(Under Title XI, Merchant Marine Act, 1936,
as amended, and in effect on the
date of this Guarantee Commitment)

TABLE OF CONTENT'S

Doc.
No.   Document

1   Commitment to Guarantee Obligations
2   Schedule One - Form of Opinion of Counsel
3   Appendix I – Form of Bond Purchase Agreement
4   Appendix II - Form of Trust Indenture
5   Schedule A - Schedule of Definitions to Trust Indenture
6   Exhibit 1- General Provisions Incorporated into the Trust Indenture by Reference
7   Exhibit 2- Forms of Obligation, Guarantee and Trustee's Authentication Certificate
8   Exhibit 3 - Form of Authorization Agreement
9   Appendix III - Form of Security Agreement
10  Exhibit 1 - General Provisions Incorporated into the Security Agreement by Reference
11  Schedule X - Schedule of Definitions
1 2 Exhibit 2 - Form of Secretary's Note
13  Exhibit 3 - Form of First Preferred Fleet Mortgage
14  Exhibit 4- Form of Title XI Reserve Fund anti Financial Agreement
15  Exhibit 5 - Form of Consents of Shipyards
16  Exhibit 6 - Construction Contracts
17  Exhibit 7- Form of Depository Agreement

Exhibit 4                    Page 2 of 2